**STATE of Iowa, Appellant,**

v.

**John N. MILLER, Appellee.**

**No. 64850.**

Supreme Court of Iowa.

Oct. 21, 1981.

Thomas J. Miller, Atty. Gen., and Julie F. Pottorff, Asst. Atty. Gen., for appellant.

William Pappas, Mason City, for appellee.

SCHULTZ, Justice.

The court of appeals affirmed the trial court's dismissal of defendant's criminal prosecution on the ground that Iowa R.Crim.P. 27(2)(c) requires automatic dismissal of charges when a defendant is not brought to trial within one year after initial arraignment and an extension has not been applied for and granted within that time period. We reverse and remand for further proceedings to determine whether good cause existed for an extension.

On November 29, 1978, defendant, John N. Miller, was charged by trial information with delivery of a controlled substance (marijuana) for profit in violation of section 204.401(1)(b), The Code 1977. At his arraignment on January 4, 1979, defendant waived his right to a speedy trial and pled not guilty. Trial was eventually scheduled for September 18, 1979. Defendant appeared before the trial court on August 27 and attempted to withdraw his not-guilty plea and plead guilty to a lesser offense. The county attorney objected, however, and a hearing on the matter was scheduled for September 14. Due to an illness in his family the county attorney was absent on that date, and for reasons not apparent in the record the hearing was never held. On August 30 defendant filed a motion to dismiss alleging unconstitutional delay between the alleged commission of the offense and the filing of the indictment.

Because of the pending motion, which was subsequently overruled, trial was not held on September 18. On January 16, 1980, the court administrator scheduled the trial for February 4. On January 29 defendant filed another motion to dismiss, alleging that he had not been brought to trial within one year after his arraignment as required by Iowa R.Crim.P. 27(2)(c). The trial court sustained the motion, finding that since an extension had not been granted within the one-year period, dismissal was mandated regardless of whether there was good cause for the delay.

The State appealed pursuant to section 814.5(1)(a), The Code. The court of appeals

affirmed the dismissal, and we granted the State's application for further review.

Rule 27(2) provides:

It is the public policy of the state of Iowa that criminal prosecutions be concluded at the earliest possible time consistent with a fair trial to both parties. Applications for dismissals under this subsection may be made by the prosecuting attorney or the defendant or by the court on its own motion.

a. When an adult is arrested for the commission of a public offense ... and an indictment is not found against him within forty-five days, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown or the defendant waives his right thereto.

b. If a defendant indicted for a public offense has not waived his right to a speedy trial he must be brought to trial within ninety days after indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary be shown.

c. All criminal cases must be brought to trial within one year after the defendant's initial arraignment unless an extension is granted by the court, upon a showing of good cause.

The State contends that rule 27(2)(c) was not intended to establish a deadline beyond which dismissal is automatic. It asserts that the language of subsection (c) does not require this result, and that subsections (a) and (b) permit showing good cause after the expiration of their respective time limitations; therefore, subsection (c) should also be so interpreted. Defendant points out that the language used in subsection (c) is different from that used in subsections (a) and (b). He maintains that automatic dismissal is required when an extension has not been granted within the one-year period of subsection (c).

■ It is clear that under subsection (b) good cause for delay may be shown after the ninety-day time period has expired. *See State v. Petersen*, 288 N.W.2d 332, 335 (Iowa 1980). We have also intimated that good cause for delay in complying with the speedy indictment time limitation of subsection (a) may be shown after that time period has elapsed. *See State v. Schmitt*, 290 N.W.2d 24, 28 (Iowa 1980). While we recognize the difference in language between subsections (a) and (b) and subsection (c), we do not believe the legislature intended to create an automatic dismissal rule when it enacted subsection (c).

■ Construing the language of the three subsections together, we believe the legislature intended uniform application with respect to showing good cause. Although only subsection (c) requires an extension of the time period, the structure of the subsections is virtually the same. Had the legislature intended to require the extension to be obtained by showing good cause within the one-year period, we believe it would have expressly so stated. Furthermore, the construction urged by defendant would be inconsistent with *State v. Magnuson*, 308 N.W.2d 83 (Iowa 1981), which was decided subsequent to the decision of the court of appeals in the present case.

■ In *Magnuson* we held that even though waiver is not mentioned in rule 27(2)(c), "a defendant may waive the requirement of trial within one year of arraignment. Because the right to a speedy trial is personal, it is one which a defendant may forego at his election." *Id.* at 85. If a defendant is not brought to trial within one year after arraignment because of delay attributable to the defendant or because the defendant consented to the delay, the issue of waiver may be raised even though the one-year period has expired. When a defendant has "waived his right under ... rule [27(2)(c)], he cannot complain of the State's failure to obtain an extension of the period for trial." *Id.* at 85–86; *see State v. Hamilton*, 309 N.W.2d 471, 476 (Iowa 1981).

■ Similarly, when a defendant is not brought to trial within the one-year period of rule 27(2)(c) because of delay chargeable or consented to by the defendant, the prosecution should not be prohibited from obtaining an extension by showing good cause for the delay. It would be contrary to the

public interest underlying the speedy trial time limitations of rule 27(2), as expressed in the first sentence thereof, to dismiss criminal charges because of delay occasioned by the defendant. The time proscription of rule 27(2)(c) is principally for the benefit of the defendant. A defendant who elects to forego this speedy trial right by causing or acquiescing in delay should not profit from the State's failure to obtain an extension of the time period for trial. *Cf. Pines v. District Court,* 233 Iowa 1284, ᵢ291, 10 N.W.2d 574, 578–79 (1943), *overruled on other grounds, State v. Gorham,* 206 N.W.2d 908, 913 (1973) ("It is a general rule and a sound one that if the accused is the cause of or a contributing factor in the delay ... he should not be entitled to a dismissal."). We therefore hold that the trial court may grant an extension after the one-year period of rule 27(2)(c) has expired.

■ The State has the burden to demonstrate good cause for an extension. *See Petersen,* 288 N.W.2d at 334. In determining whether good cause exits, only one factor is considered: the reason for the delay. *Id.* at 335. In *State v. Hempton,* 310 N.W.2d 206, 208 (Iowa 1981), we stated: "Rule 27(2)(c) fixes an outer limit for trial, like a statute of limitations." The State's burden under subsection (c) is therefore a heavy one. The prosecution cannot be dilatory in bringing a defendant to trial.

■ In resisting defendant's motion to dismiss in the present case, the State alleged the existence of good cause and attributed the reason for the delay to defendant. The trial court did not make a good cause determination in ruling on the motion, however. Accordingly, the case must be remanded to the trial court for further proceedings to determine whether good cause existed for the delay.

DECISION OF COURT OF APPEALS VACATED; REVERSED AND REMANDED.