STATE of Iowa, Appellee,

v.

**Dan Merrill FRONING, Appellant.**

No. 68009.

Supreme Court of Iowa.

Dec. 22, 1982.

Rehearing Denied Feb. 10, 1983.

Jerry L. Jones, Ames, for appellant.

Thomas J. Miller, Atty. Gen., Joseph P. Weeg, Asst. Atty. Gen., and Mary E. Richards, Story County Atty., for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, LARSON, and SCHULTZ, JJ.

REYNOLDSON, Chief Justice.

Defendant Froning appeals from his conviction and sentence for first-degree theft by misappropriation, a violation of Iowa Code section 714.1(2). He presents issues relating to discovery and the admission of evidence. We affirm.

Defendant does not challenge the sufficiency of the evidence. The jury could have found from the uncontroverted evidence that defendant was the manager of an elevator at Kelley, Iowa, owned by Froning and Deppe, Inc. The "Froning" in the corporate title is not this defendant. He had no ownership interest and no authority to use or appropriate corporate funds for his own purposes. During the period from December 1978 through May of 1980, Froning deposited $1,229,961.24 in corporate grain sale checks in his personal checking account in the South Story Bank & Trust of Slater, Iowa. After a lapse of several days he would write checks to the corporate account. These checks totaled $918,019.19, leaving a shortage of $311,942.05. At the same time, he was investing in the commodity market. We shall refer to other facts revealed by the evidence in discussing the issues raised by the defendant in this appeal.

Defendant contends trial court erroneously (1) overruled his pretrial motion to produce documentary evidence, (2) overruled his objections to the introduction of docu-

mentary evidence, and (3) permitted a State's expert to characterize defendant's use of his bank account as a "lapping scheme."

### I. *Pretrial Motion to Produce Documentary Evidence.*

Defendant was arraigned May 11, 1981. July 20, 1981, he filed a motion to require the State to produce the records and documents to be relied on by State's witnesses. The State filed a resistance, alleging the motion was untimely under Iowa Rule of Criminal Procedure 10(4).

The district court, Judge David R. Hansen presiding, entered an overruling order, noting that, while the State would suffer no prejudice if the motion was granted, the motion was untimely and no good cause was shown for extending the statutory forty-day period for filing such motions.

Defendant argues his discovery motion should not have been overruled when no prejudice to the State was shown, and further, the pretrial denial of the documentary evidence deprived him of his constitutional right to confrontation.

At all relevant times, the pertinent rule governing discovery provided:

2. *Pretrial motions.* Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. The following must be raised prior to trial:

. . . .

d. Requests for discovery.

Iowa R.Crim.P. 10(2)(d). *See State v. Webb,* 309 N.W.2d 404, 412 (Iowa 1981).

On July 20, 1981, when defendant filed this discovery motion, and on August 6, 1981, when the court denied it, Iowa Rule of Criminal Procedure 10(4) provided:[1]

4. *Time of filing.* Motions hereunder, except a motion for a bill of particulars, shall be filed within forty days after ar-

raignment, unless the period for filing is extended by the court for good cause shown.

The effect of failure to follow the rule 10(4) time limit is found in Iowa Rule of Criminal Procedure 10(3):

3. *Effect of failure to raise defenses or objections.* Failure of the defendant to timely raise defenses or objections or to make requests which must be made prior to trial under this rule shall constitute waiver thereof, but the court for good cause shown, may grant relief from such waiver.

The forty-day deadline for filing this discovery motion expired June 22, 1981. We have been firm in holding unexcused late motions constitute a rule 10(3) waiver. *See State v. Beeman,* 315 N.W.2d 770, 779 (Iowa 1982); *State v. McCowen,* 297 N.W.2d 226, 228 (Iowa 1980); *State v. Sheets,* 291 N.W.2d 35, 37 (Iowa 1980).

Defendant, however, focuses on district court's finding that the untimeliness of his motion did not prejudice the State. He asserts that because of this lack of prejudice, his motion should have been granted. We disagree.

■ First, prejudice to the State is not a factor in rule 10(4). The rule permits an untimely motion to be granted only if "good cause" is shown. Here no attempt was made by defendant to show good cause. *Cf. State v. Belieu,* 288 N.W.2d 895, 899 (Iowa 1980) (defendant sought to establish good cause through affidavit that his lawyer did not learn of witness's testimony until one day before trial).

■ Second, we have observed that "discovery matters are committed to the sound discretion of the trial court, and are reviewable only upon an abuse of that discretion. Error in the administration of discovery rules is not reversible absent a demonstra-

---

1. The rule as amended effective July 1, 1982, now states:

    4. *Time of filing.* Motions hereunder, except motions in limine, shall be filed when the grounds therefor reasonably appear but no later than forty days after arraignment. Motions in limine shall be filed when grounds therefor reasonably appear but no later than nine days before the trial date.

tion that the substantial rights of the defendant were prejudiced." *Webb,* 309 N.W.2d at 413 (quoting *State v. Gates,* 306 N.W.2d 720, 725 (Iowa 1981)). *See Sullivan v. Chicago and Northwestern Transportation Co.,* 326 N.W.2d 320, 324 (Iowa 1982); *State v. Morrison,* 323 N.W.2d 254, 256 (Iowa 1982). We find no abuse of discretion here. There is an absence of any showing that defendant's substantial rights were prejudiced.

■ In support of his argument that his motion should have been granted because district court found there would be no prejudice to the State, defendant cites *State v. Miller,* 311 N.W.2d 81 (Iowa 1981), and an unpublished per curiam decision of this court that is unavailable for this purpose as provided by Iowa Rule of Appellate Procedure 25. The published decision, *Miller,* involved application of Iowa Rule of Criminal Procedure 27(2) (speedy trial). We reversed the holdings of trial court and the court of appeals that automatic dismissal of charges was required when a defendant was not brought to trial within one year after arraignment and an extension has not been applied for and granted within that time period. We remanded to district court to determine whether good cause existed. In the case before us district court did not refuse to consider defendant's motion. The court held good cause had not been established. Defendant's reliance on *Miller* is misplaced.

We thus turn to defendant's contention denial of his motion to produce documentary evidence deprived him of his sixth amendment right to confrontation.

■■ The primary purpose of the confrontation clause is to secure for the opponent the opportunity of cross-examination. *Davis v. Alaska,* 415 U.S. 308, 315–16, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347, 353 (1974); *State v. Strable,* 313 N.W.2d 497, 500 (Iowa 1981); *State v. Anderson,* 308 N.W.2d 42, 49 (Iowa 1981). Defendant in this case was accorded the full right of cross-examination of each State witness. A secondary purpose of the confrontation clause is to enable the judge and jury to obtain the elusive and

incommunicable evidence of a witness's deportment while testifying. *Strable,* 313 N.W.2d at 500. Again, all the State's witnesses testified before the judge and jury. We also note the issue before us does not involve the unconstitutional suppression of exculpatory evidence prohibited by *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215, 218 (1963). *See also State v. Hall,* 249 N.W.2d 843, 846 (Iowa), *cert. denied,* 434 U.S. 822, 98 S.Ct. 66, 54 L.Ed.2d 79 (1977).

Defendant, however, argues district court's denial of his motion to produce deprived him of his right to *effective* cross-examination. *See State v. Ege,* 274 N.W.2d 350, 356 (Iowa 1979); *accord, Ohio v. Roberts,* 448 U.S. 56, 65, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597, 607 (1980) (confrontation clause "ensur[es] the defendant an effective means to test adverse evidence"). These cases do not involve denial of pretrial discovery, nor does defendant cite any decision directly supporting his theory.

The only decision we have found where a similar ground for reversal was urged is *Martin v. Blackburn,* 521 F.Supp. 685 (E.D. La.1981). There defendant claimed the state's denial of access to statements of state witnesses prior to trial denied him the right of effective cross-examination of these witnesses. In rejecting this assignment of error, the court wrote:

*The Confrontation Clause does not provide the defendant with any right to pretrial or in-trial discovery of the state's evidence. The purpose of the Confrontation Clause is to provide the defendant with the opportunity to challenge the testimony introduced by the state against the accused at trial by means of cross-examination of the declarant of the testimony. Where the declarant whose testimony the state wishes to introduce is present at trial, gives his sworn testimony at trial, and is subject to cross-examination by the defense as happened at the petitioner's trial, the Confrontation Clause is satisfied. The petitioner has not cited, and this court has not discovered anything in the English or American*

*history of the Confrontation Clause, or in any decision of the Supreme Court interpreting that clause, which suggests in the slightest that the Confrontation Clause is in any way concerned with discovery.* Accepting the petitioner's argument would transform the Confrontation Clause from a device designed to prevent trial by affidavit into a guarantee of the right to demand trial by affidavit.

*Id.* at 699 (emphasis added) (citations omitted). The *Martin* holding finds inferential support in *United States v. Benedict,* 647 F.2d 928, 932 (9th Cir.), *cert. denied,* 454 U.S. 1087, 102 S.Ct. 648, 70 L.Ed.2d 624 (1981); *United States v. Neff,* 615 F.2d 1235, 1241–42 (9th Cir.), *cert. denied,* 447 U.S. 925, 100 S.Ct. 3018, 65 L.Ed.2d 1117 (1980); and *State v. Legette,* 292 N.C. 44, 53–54, 231 S.E.2d 896, 901–02 (1977).

We hold denial of defendant's pretrial motion to produce documentary evidence did not deprive him of his sixth amendment right to confrontation.

II. *Objections to Documentary Evidence.*

Before trial and on October 1, 1981, the district court, Judge Newt Draheim presiding, filed a "Trial Order For Multiple Jury Selection," apparently a standardized order that in this instance applied to ten criminal cases in Story County. Among the various provisions relating to jury selection, voir dire, subpoenas and other matters was the following:

10. *Disclosures:* At least five days prior to trial, the County Attorney shall disclose all available evidence that will be used against Defendant as may be required by Iowa Rules of Criminal Procedure, Chapter 813, Rule No. 13.

The County Attorney shall disclose any exculpatory evidence or information that might reasonably be regarded as potentially valuable to the defense, even if such disclosure is not otherwise required.

Defendant shall give notice of any intent to rely on an alibi or an insanity defense within the time provided by law.

Trial commenced October 20, 1981. The State separately offered exhibit 1, comprised of grain purchase checks issued by A.E. Staley Grain Co. deposited to defendant's personal checking account; exhibit 2, being similar checks written by Cargill Incorporated; and exhibits 3 through 18, consisting of bank statements for defendant's personal checking account from January 31, 1979, through May 30, 1980. Defendant objected to these exhibits on the confrontation ground previously discussed and on the ground admission would violate the blanket order entered October 1, 1981. In chambers, the prosecutor stated she had contacted defense counsel October 13 and offered to go over the exhibits with him. Defense counsel seemed to concede this communication was made, but took the position the documentary evidence should have been served upon him or the defendant within the time fixed by the October 1 order. The record discloses that he did not feel that he had time to examine the documents because of other prior commitments. However, with respect to defendant's bank statements, exhibits 3 through 18, the State produced evidence in chambers that copies of these documents were included with other materials sent to defendant in Colorado on March 11, 1981.

Defendant's objections to these exhibits were overruled. He was granted a continuance of several hours to examine exhibits 3 through 18.

Defendant argues here that trial court erred in admitting these exhibits because the State failed to comply with Judge Draheim's October 1 disclosure order.

Resolution of this issue does not require us to determine whether the October 1 blanket order actually overturned the prior order specifically denying these documents to the defendant.

We first note that precluding a party from introducing undisclosed evidence is only one of the sanctions available to the court. Iowa Rule of Criminal Procedure 13(6)(c) states:

c. *Failure to comply.* If at any time during the course of the proceedings it is

brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may upon timely application order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing any evidence not disclosed, or it may enter such other order as it deems just under the circumstances.

Imposition of a section 13(6)(c) sanction is controlled by trial court's discretion. *State v. Leto,* 305 N.W.2d 482, 489 (Iowa 1981). Further, the "reasons for failure to provide timely discovery may properly be considered by the court." *Id.* In view of defense counsel's unavailability to view these documents, we cannot say trial court's decision to admit the exhibits was "for reasons clearly untenable or to an extent clearly unreasonable." *Morrison,* 323 N.W.2d at 256.

In these situations trial court may also consider the extent of the prejudice, if any, to the opposing party. *State v. Thompkins,* 318 N.W.2d 194, 198 (Iowa 1982). Here no discernable prejudice appears. All of these documents should have been familiar to the defendant. They consisted of checks he deposited and his own bank statements. Even upon submission of this appeal defendant could not suggest what use he would have made of these documents had he obtained copies pursuant to the October 1 order.

■ We hold trial court did not abuse its discretion in admitting the evidence in question.

III. *Expert Testimony Relating to "Lapping Scheme."*

■ Testifying for the State, a certified public accountant provided an analysis of defendant's personal checking account and traced various deposits and checks. Defendant predicates error on the following portion of this witness's direct examination:

Q. And how would you characterize that what you found in terms of the grain checks coming in and later checks going out to Froning and Deppe?

MR. JONES: I object to that, it's calling for the conclusion and opinion of the witness, for the further reason that this is not the proper subject for opinion testimony, and for the further reason it invades the province of the jury.

THE COURT: It will be overruled. Answer if you know.

THE WITNESS: Okay. This type of transaction is commonly referred to as lapping.

Defendant contends the court's ruling improperly allowed the response of the witness to invade the province of the jury. *See State v. Nimmo,* 247 N.W.2d 228, 230–31 (Iowa 1976); *State v. Swartz,* 244 N.W.2d 553, 555 (Iowa 1976); *State v. Johnson,* 224 N.W.2d 617, 622–23 (Iowa 1974). We are not required to address the merits of the objection or the court's ruling. Here the witness already had testified, without objection, that the pattern of depositing company money in, and reimbursing company money from, defendant's personal account was characterized as a "lapping scheme." Ordinarily, error cannot be grounded on admission of the cumulative testimony. *State v. Gartin,* 271 N.W.2d 902, 914 (Iowa 1978).

We affirm the judgment entered in district court.

AFFIRMED.