STATE of Iowa, Plaintiff–Appellee,

v.

Kline Edward GOEDERS,
Defendant–Appellant.

No. 86–1844.

Court of Appeals of Iowa.

March 23, 1988.

Charles Harrington, Chief Appellate Defender, Michael J. Laughlin, Assistant Appellate Defender, for defendant-appellant.

Kline Edward Goeders, pro se.

Thomas J. Miller, Atty. Gen., and Richard J. Bennett, Asst. Atty. Gen., for plaintiff-appellee.

Considered by DONIELSON, P.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

Defendant, Kline Goeders, appeals his conviction of first-degree murder. He asserts the trial court erred by admitting into evidence tapes and transcripts of two telephone conversations he had with his ex-wife. Goeders also asserts the trial court erred by denying his motion for judgment of acquittal with respect to the charge of felony murder, brought in count II of the trial information. Additionally, in an amended brief filed pro se, Goeders challenges several rulings of the trial court relating to the suppression of evidence and instructions to the jury. He also asserts his right to confront witnesses was violated and that he received ineffective assistance of counsel. We affirm.

At approximately 7:00 a.m. on April 23, 1977, Maxine Lange, then a resident and employee of the Hotel Pocahontas, found the body of Warren Clark in the basement of the hotel. Mr. Clark, a resident of the hotel, had been shot in the head. Clark had last been seen by a fellow resident at 3:00 a.m. At that time, he was asleep on the couch in the lobby, in front of the television set. Physical evidence in the lobby showed Clark had been struck in the head with a blunt instrument while on the couch, and had then been led across the lobby and down the basement stairs. He was then shot just inside a room at the foot of the stairs.

No one was arrested for the crime until 1986, when Goeders was charged. His arrest was precipitated by statements made at that time to law enforcement officials by his ex-wife, Terri Goeders. She reported she and the defendant stopped at the hotel in the early morning hours of April 23rd,

after Goeders had picked up a gun from a friend and ammunition from his brother. She stated Goeders entered the hotel and she stayed in the car. After fifteen to thirty minutes, she walked into the hotel to visit the restroom and saw Goeders standing behind a man who had blood on his face and forehead. The man requested her help. She saw the gun at the man's head and asked Goeders what he was doing. The man then said, apparently to Goeders, "I'll give you anything I have. But I won't say nothing if you just let me go." Goeders then led the man across the lobby and down the basement stairs. A few seconds after Goeders led the man into a room at the foot of the stairs, Terri heard a gunshot. Goeders then ran up the stairs, past her, through the lobby, and out to the car. She later heard Goeders telling a friend that he had killed a man.

After making these statements to the police, Terri was asked by an agent of the Iowa Department of Criminal Investigation (DCI) to identify the man in the hotel with Goeders. On her second choice from an array of six photographs, she identified the man as Warren Clark. Thereafter, the DCI hooked up a tape recorder to her phone and two conversations between Terri and Goeders were taped. Goeders was implicated in the death of Clark in the course of these conversations.

Goeders was arrested and charged with (1) unlawfully and willfully killing Clark with malice aforethought and (2) unlawfully killing Clark with malice aforethought while attempting to perpetrate a robbery. Goeders was found by a jury to be guilty of murder in the first degree and this appeal followed.

In the course of this appeal, Goeders has filed an amended brief and a supplement thereto pro se. His initial brief was filed by his appellate counsel. We address first the issues raised by the admission into evidence of the tapes and transcripts of the telephone conversations.

I. *Admissibility of Tapes and Transcripts.* Goeders asserts the trial court erred by admitting into evidence the tapes

and transcripts of the two telephone conversations he had with Terri (discussed above). He contends the foundation relating to the accuracy of the tapes was insufficient. He also contends the tapes and transcripts constituted inadmissible hearsay.

■ We must determine whether the trial court abused its discretion by finding the foundation for the tapes and transcripts clearly established they were accurate and trustworthy. *State v. Russell*, 261 N.W.2d 490, 495 (Iowa 1978). Thus, we do not apply the specific foundational requirements for taped evidence utilized by the Eighth Circuit Court of Appeals and urged here by Goeders. *State v. Klindt*, 389 N.W.2d 670, 674 (Iowa 1986); *Russell*, 261 N.W.2d at 495.

■ In this case, the device utilized by the DCI would begin recording as soon as the receiver was picked up and would stop when the receiver was put down. Terri Goeders was merely required to rewind the tape, eject it, place it in a plastic case, and deliver it to the DCI. The evidence reflects she was trained in these procedures and performed them properly. The evidence also reflects the machine functioned properly and the chain of custody of the tapes made was not breached. As such, we conclude it was not required that Terri review the tapes before they could be admitted. Nor was it necessary for the speakers on the tape to be properly identified. Throughout the conversations one of the parties to them is referred to as "Kline" (the defendant). Furthermore, both Terri and Goeders testified at trial regarding the statements recorded on the tapes.

We conclude the trial court did not abuse its discretion by determining the foundation for the tapes and transcripts clearly established they were accurate and trustworthy.

■ Goeders also contends the tapes and transcripts constituted inadmissible hearsay. However, admissions are excluded from the definition of hearsay under Iowa law. Iowa R. Evid. 801(d); *State v. Kidd*, 239 N.W.2d 860, 864 (Iowa 1976). The trial court admitted the tapes and transcripts as admissions and we conclude the court was correct to do so.

**II.** *Right to Confront.* Goeders asserts his right to confront witnesses against him was violated by the admission into evidence of the tapes and transcripts after Terri Goeders testified. He contends he was not given the opportunity to cross-examine Terri after the playing of the tapes.

■ The right of confrontation is primarily to secure for a defendant the opportunity of cross-examination. *State v. Holland*, 389 N.W.2d 375, 378–79 (Iowa 1986). A secondary purpose of the confrontation clause is to allow the tribunal the opportunity to adequately observe the demeanor of the witness while testifying. *State v. Strable*, 313 N.W.2d 497, 500 (Iowa 1981).

■ The record reflects Terri Goeders testified at length about the recording procedure and the taped conversations themselves on direct and cross-examination. Goeders' trial counsel had ample opportunity to question her on this issue and, in fact, did so. We conclude Goeders' right of confrontation was not violated.

■ **III.** *Felony Murder.* Goeders asserts the evidence of the underlying felony in this case (attempted robbery) was insufficient to submit the felony murder charge to the jury. He notes there was no evidence any money had been taken from Mr. Clark or that any attempt had been made to take Mr. Clark's money.

Our review of the trial court's denial of Goeders' motion for judgment of acquittal on this issue is governed by the following:

> When sufficiency of the evidence is challenged ... we review the evidence in the light most favorable to the state. The evidence must be such that, when considered as a whole, a reasonable person could find guilt beyond a reasonable doubt. All legitimate inferences arising reasonably and fairly from the evidence may be indulged in to support the verdict. A jury verdict is binding on us if there is substantial evidence to support it. By "substantial evidence" we mean

evidence which could convince a rational trier of fact the defendant is guilty beyond a reasonable doubt.

*State v. Mulder*, 313 N.W.2d 885, 888 (Iowa 1981) (citations omitted). In this case, there must be substantial evidence of attempted robbery to establish the felony murder charge. *See Connor v. State*, 362 N.W.2d 449, 455 (Iowa 1985).

▆ Although no money was apparently taken from Clark, we are persuaded the record reflects substantial evidence of *attempted* robbery. Terri Goeders testified Clark stated he would give the defendant "anything," even though he did not "have much money." The physical evidence and Terri's testimony showed that Clark had been struck on the head while on the couch and had then been led down the basement stairs and away from the lobby. It was reasonable to allow the jury to infer from this evidence that Goeders was attempting to rob Clark. *See State v. Hamilton*, 335 N.W.2d 154, 161 (Iowa 1983).

We conclude the trial court did not err by denying Goeders' motion for judgment of acquittal with respect to the charge of felony murder.

IV. *Motion in Limine.* Goeders asserts the trial court erred by sustaining the State's motion in limine regarding evidence of Terri Goeders' past abortions and the then-imminent change of her last name. The court determined this evidence lacked relevance to this proceeding. Goeders contends he should have been able to use the evidence to impeach Terri's credibility.

The admissibility of evidence is a matter for the exercise of the trial court's discretion. *State v. Wilson*, 406 N.W.2d 442, 447 (Iowa 1987). We will reverse the trial court's decision on admissibility only when we find a clear abuse of discretion. *State v. Roth*, 403 N.W.2d 762, 765 (Iowa 1987).

▆ We conclude the trial court did not abuse its discretion by finding evidence of past abortions or imminent changes of name was not relevant to this case. In no way did this evidence tend to make the existence of a material fact more or less probable.

V. *Ineffective Assistance of Counsel.* Goeders asserts his trial counsel was ineffective by his failure to file a motion to suppress, or otherwise object to, Terri Goeders' statements to the various law enforcement officials involved in this case. Goeders does not, however, explain upon what basis he believes such a motion or objection should have been made. Rather, he merely requests that we preserve this claim for a postconviction proceeding.

▆ Where the record on direct appeal is not adequate to permit us to resolve the issue, we reserve the defendant's claim for a postconviction proceeding so the facts may be fully developed. *State v. Koenighain*, 356 N.W.2d 237, 238 (Iowa App. 1984). This also gives the allegedly ineffective attorney an opportunity to explain his conduct. *State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978).

In this case, trial counsel has not had this opportunity; nor has Goeders been able to fully develop his claim. We conclude Goeders' claim should be reserved for a postconviction proceeding.

VI. *Conclusion.* None of the remaining issues raised by Goeders on appeal were preserved by objections at trial and are, therefore, deemed waived. We have affirmed the trial court on all of the other issues, excepting preservation of his ineffective assistance of counsel claim. Accordingly, his conviction is affirmed.

AFFIRMED.