# IN THE COURT OF APPEALS OF IOWA

No. 14-0740
Filed November 12, 2015

**PROGRESSIVE CLASSIC INSURANCE COMPANY,**
    Plaintiff-Appellee,

**vs.**

**DANIEL R. RILEY, Defendant, and MICHAEL L. RILEY,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Webster County, Thomas Bice, Judge.

The defendant appeals the finding the plaintiff had no obligation to defend or indemnify him for damages resulting from a motor vehicle accident. **AFFIRMED.**

Ernest M. Kersten, Fort Dodge, for appellant.

Steven T. Durick and Joseph M. Barron of Peddicord, Wharton, Spencer, Hook, Barron & Wegman, L.L.P., West Des Moines, for appellee.

Considered by Vogel, P.J., Tabor, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, Senior Judge.**

Michael L. Riley (Michael) appeals from the trial court's decision that Progressive Classic Insurance Company (Progressive) had no obligation to defend or indemnify Michael for damages resulting from a motor vehicle accident.

## I. Factual Background

Michael had an automobile collision on December 8, 2011, with a vehicle operated by his half-brother, Daniel R. Riley. Michael had an auto insurance policy with Progressive that included liability coverage. Daniel filed suit against Michael, and Progressive answered but did so with a "reservation of rights." Progressive filed a declaratory judgment action to determine whether it had a duty to defend. Progressive contends it had no duty to defend based on an expected or intended injury exclusion contained in Michael's policy. The exclusion clause in the policy stated that Progressive's duty to defend does not apply to:

> Bodily injury or property damage either expected or caused intentionally by or at the direction of any insured.

Based on the record made at trial, the trial court found that Michael was driving in such a manner that he intended to cause damage to Daniel or his vehicle, and therefore, Progressive had no duty to defend.

As trial began in April 2014, Progressive offered its exhibits into the record, and Michael objected. The only exhibit that is material to this appeal was Exhibit 1, Michael's commercial auto insurance policy with Progressive, including the cited exclusion. Michael's counsel objected to its admission, asserting that

on September 20, 2013, he had propounded discovery requests, including a request for production of all documents Progressive intended to offer into evidence. Progressive answered the request by stating, "Unknown at this time." At one point Michael's counsel contended that he made five separate requests for discovery and "finally got it January 7." At another time he asserted he did not see the policy until the Friday before the trial. In his brief he states the exhibit was not received until six days before trial. We will assume for purposes of this ruling that counsel did not receive a copy of the policy until six days before trial as asserted in Michael's brief.

The trial court overruled the objection and admitted the policy into the record. Michael contends the policy should not have been admitted based on Progressive's failure to respond to the request for production. In addition, Michael contends Progressive failed to comply with a scheduling order entered July 29, requiring each party to provide an exhibit list to the other party seven days prior to trial. The record reflects Michael did not provide a copy of his exhibit list to Progressive until the date of trial, but Progressive made no objection.

Counsel asserted Michael did not have a copy of his policy with Progressive and his counsel had never seen it until it was produced. In overruling the objection, the trial court noted the policy had been issued to Michael and the scheduling order provided that all motions should be filed at least sixty days before trial, but Michael never filed any motion to compel the discovery request.

## II. Error Preservation

For error to be present ordinarily the issue must be raised and ruled on by the trial court. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). Error was preserved.

## III. Scope of Review

The admission of an untimely disclosed exhibit is reviewed for abuse of discretion. *Fry v. Blauvelt*, 818 N.W.2d 123, 128 (Iowa 2012).

## IV. Discussion

Whether by tacit agreement or benign neglect, neither party complied with the scheduling order. Progressive did not provide an exhibit list until six days prior to trial, and Michael did not provide an exhibit list until the day of trial. Pretrial orders are intended to give the district court a tool to effectively manage the administration of justice and may be enforced by sanctions. A review of appellate decisions reveals that our courts are reluctant to use noncompliance with a scheduling order as a sword to alter the outcome of a case except in extreme situations. *See, e.g.*, *Klein v. Chicago Scent and Pac. R. Co.*, 596 N.W.2d 58, 61 (Iowa 1999). Instead, a reviewing court is required to scrutinize the exercise of the trial court's discretion and to confine the sanctions imposed to reasonable limits. *Fox v. Stanley J. How & Assocs., Inc.*, 309 N.W.2d 520, 522 (Iowa Ct. App. 1981). At least Progressive's untimely disclosure could be considered substantial compliance, although one day late. The existence of the exclusion clause cannot have been a surprise to Michael, as it was clearly set out in Progressive's petition. We cannot say the trial court abused its discretion in

admitting the policy as an exhibit even though not provided seven days prior to trial.

The purpose of discovery is in part an effort to narrow the issues, ascertain the facts relative to those issues, and eliminate the need to conduct a trial in the dark or blindly. *Barks v. White*, 365 N.W.2d 640, 643 (Iowa Ct. App. 1985). The fact that it was Michael's own policy that was being requested does not absolve Progressive from complying, but the lack of surprise and Michael's access to the information are factors to be considered in imposing sanctions. *See id.* at 644. Furthermore, if Michael was really left in the dark by Progressive's failure to provide the requested document, he could have filed a motion to compel and had the right to do so under the scheduling order until sixty days prior to trial. However, he failed to do so. Exclusion of evidence is an extreme sanction and is justified only when admission would result in prejudice. *Klein*, 596 N.W.2d at 61. Michael alleges he was prejudiced because the exclusion was critical to the court's decision, but the real question is whether Progressive's failure to provide the document impacted Michael's ability to prepare, resulting in prejudicial surprise. When the contents of the document sought to be excluded are known to the objecting party, it is indeed difficult to find discernible prejudice of the kind to justify inadmissibility. *See State v. Froning* 328 N.W.2d 333, 338 (Iowa 1982)*.* Michael does not contend there was prejudicial surprise in the admission of the exclusion clause, and there is no way under the record that he could reasonably make such a contention.

We cannot say that the trial court abused its discretion in admitting the exhibit because of Progressive's failure to provide the requested documentation. Accordingly, we affirm.

**AFFIRMED.**