STATE of Iowa, Appellee,

v.

**Alfred LeFLORE, Appellant.**

**No. 65174.**

Supreme Court of Iowa.

July 15, 1981.

Michael P. Falk of Evans, Gartelos & Wagner, Waterloo, for appellant.

Thomas J. Miller, Atty. Gen., Michael Jordan, Asst. Atty. Gen., and David H. Correll, Black Hawk County Atty., for appellee.

Considered by REYNOLDSON, C. J., and HARRIS, ALLBEE, McGIVERIN, and SCHULTZ, JJ.

SCHULTZ, Justice.

Defendant, Alfred LeFlore, appeals from his conviction of second-degree robbery in violation of section 711.3, The Code 1979. The sole issue presented is whether the right to a speedy trial must be waived personally by a defendant or whether defense counsel can waive this right on the defendant's behalf without the defendant's express consent.

I. *Facts.* On August 7, 1979, the State filed a trial information charging defendant with the crime of robbery in the first degree in violation of section 711.2, The Code 1979. Trial was set for October 9. On September 13 the trial date was reset for October 23 to allow defendant time to file certain motions. Defendant's attorney of record filed an application to withdraw on October 10, alleging the existence of "extreme difficulties in regard to attorney-client relationship and communications" that would prevent the attorney from competently representing defendant. On October 19 the application to withdraw was granted, and new counsel was appointed.

At a pretrial conference held on October 22, newly appointed defense counsel waived defendant's right to a speedy trial and moved for a continuance. Trial was continued until October 30. Thereafter, defense counsel filed a motion for another continuance on the grounds that he had just been appointed to the case, it would be impossible for him to be prepared for trial on October 30, and he needed time to review the transcript of the trial of an individual who was originally a codefendant but had been tried separately. The motion was sustained by a court order that stipulated that defense counsel was to notify the court administrator when he was prepared for trial.

On January 18, 1980, with considerable time having elapsed without notification by defense counsel of readiness for trial, the Black Hawk County Attorney filed a motion to have the case set for trial. The trial court set the case for trial on February 26. On February 8, however, defense counsel filed a motion to have the case continued until March 4. This motion was granted on February 12.

On March 5, immediately prior to the commencement of opening arguments, defendant submitted a motion to dismiss the charge against him on the ground that he had been deprived of his right to a speedy trial. The trial court overruled defendant's motion, and the case proceeded to trial. Defendant was subsequently convicted by jury verdict of second-degree robbery and sentenced to prison for a term not to exceed ten years. Present counsel was thereafter appointed for the purpose of this appeal.

II. *Statutory right to speedy trial.* Iowa R.Crim.P. 27(2)(b) provides:

If a defendant indicted for a public offense has not waived his right to a speedy trial he must be brought to trial within ninety days after indictment is

found or the court must order the indictment to be dismissed unless good cause to the contrary be shown.

Defendant contends this right to a speedy trial is personal and only he could waive it. We addressed this issue in *State v. O'Connell*, 275 N.W.2d 197 (Iowa 1979), which was decided under section 795.2, The Code 1975, the predecessor of rule 27(2)(b). Section 795.2 provided in pertinent part:

> If a defendant indicted for a public offense, whose trial has not been postponed upon his application, be not brought to trial within sixty days after the indictment is found, the court must order it to be dismissed, unless good cause to the contrary be shown.

In *O'Connell* we held that "the legislature intended speedy trial rights would be waived by continuance motions made by the *defense*, not merely those made by defendant." 275 N.W.2d at 200 (emphasis original). We also stated: "If counsel can act for defendant in ways that can attribute delay to defendant, counsel should be able to waive the statute altogether." *Id.* at 201.

■ Defendant apparently contends that the enactment of rule 27(2)(b) statutorily overruled *O'Connell*. However, "Changes made by revision of a statute will not be construed as altering the law unless the legislature's intent to accomplish a change in its meaning is clear and unmistakable." *Emery v. Fenton*, 266 N.W.2d 6, 10 (Iowa 1978), *quoted in State v. Johnson*, 291 N.W.2d 6, 10 (Iowa 1980). Moreover, the 1978 revision of the criminal code was intended to be primarily a restatement of the prior law. *State v. Johnson*, 291 N.W.2d at 10; *Emery v. Fenton*, 266 N.W.2d at 8. The only express substantive change in rule 27(2)(b) increases the time during which a defendant must be brought to trial from sixty to ninety days. We therefore conclude that the legislature did not intend to change the principles announced in *O'Connell*.

■ Defendant nevertheless argues that he personally neither requested nor sought a continuance. Also, there is evidence in the record that after waiving defendant's right to a speedy trial at the October 22 pretrial conference trial counsel presented defendant a waiver form and defendant did not sign it. However, an attorney is an agent of limited authority, *State v. Sellers*, 258 N.W.2d 292, 296 (Iowa 1977), and generally a defendant is bound by defense counsel's action within the scope of that authority taken on behalf of the defendant. *State v. LaMar*, 224 N.W.2d 252, 254 (Iowa 1974).

We therefore hold that the statutory right to a speedy trial under rule 27(2)(b) is not a personal right that can be waived only by the defendant. Defense counsel acting within the scope of his or her authority may waive this right on the defendant's behalf without the defendant's express consent. In the present case defense counsel expressly waived defendant's right to a speedy trial; counsel also waived this right by the succession of continuance motions. Defense counsel's action was within the scope of his authority, and the delay caused thereby was in no way attributable to the State.

■ III. *Constitutional right to a speedy trial.* In his brief defendant alludes to a constitutional right to a speedy trial. No constitution or constitutional provision is cited, however. This issue is therefore deemed waived. *State v. O'Connell*, 275 N.W.2d at 201; Iowa R.App.P. 14(a)(3).

IV. *Conclusion.* We find no merit in defendant's contention that his right to a speedy trial was violated. The trial court correctly overruled defendant's motion to dismiss.

AFFIRMED.