**STATE of Iowa, Plaintiff-Appellant,**

v.

**Bradley Scott MARY,
Defendant-Appellee.**

**No. 86–392.**

Court of Appeals of Iowa.

Dec. 23, 1986.

Thomas J. Miller, Atty. Gen., and Pamela Greenman Dahl, Asst. Atty. Gen., for plaintiff-appellant.

R. Michael Sweesy, Mason City, for defendant-appellee.

Heard by SNELL, P.J., and SCHLEGEL and HAYDEN, JJ.

HAYDEN, Judge.

The incident that led to the charge in this case is unimportant; we are concerned only with the subsequent course of proceedings and whether they affected defendant's rights. On September 20, 1983, a trial information was filed by the Worth County Attorney charging defendant with involuntary manslaughter in violation of section 707.5(1), Iowa Code (1983). Defendant was arraigned on September 27, 1983, at which time he entered a plea of not guilty and waived his ninety-day speedy trial right. In the record of arraignment plea and order, the court set trial for December 6, 1983.

On October 11, 1983, defendant filed a combined Motion to Suppress and Motion in Limine, challenging the admissibility of certain evidence. Prior to the scheduled hearing date of November 15, 1983, defendant filed a motion to continue the hearing. The district court granted the continuance on November 10, 1983, because defendant's counsel was scheduled to try a civil case on November 15, 1983; the new hearing date was set on November 22, 1983. Due to weather and various conflicts the November 22 hearing was not held. On November 30, 1983, defendant filed a motion to continue the December 6, 1983, trial date because his suppression motion had not been heard. The district court granted the continuance and set the hearing on the motion to suppress for December 6, 1983. The district court heard this motion on December 6, 1983. However, in the middle of the hearing, counsel for the State requested a continuance to further prepare for the hearing. This continuance was allowed and the hearing was rescheduled for December 20, 1983. The motion was not heard on this date; in fact, the hearing regarding the motion to suppress was not finished until March 22, 1984. On March 28, 1984, the district court filed its ruling on the motion to suppress, ruling in favor of defendant. From the day of defendant's initial arraignment, September 27, 1983, until the decision on the motion to suppress was filed, March 28, 1984, more than six months had passed, approximately one hundred and eighty-three days.

The State applied for discretionary review of the court's suppression ruling on April 9, 1984, and the application was granted. On August 14, 1984, and September 13, 1984, the State (attorney general's office) made applications for extension to file brief and argument, both of which were granted. Both extensions were due to the backlog of cases in the attorney general's office. We note that defendant resisted the second extension, contending the State had ample time for said filing. The Supreme Court filed its opinion on May 22, 1985, (*State v. Mary*, 368 N.W.2d 166 (Iowa 1985)), reversing and remanding. The hearing on remand was held on July 3, 1985, at which time the trial date of July 23, 1985, was continued until further assignment. On August 8, 1985, the district court entered its ruling suppressing the blood test. At this time 683 days had passed since defendant's initial arraignment: 183 days from arraignment to district court's ruling on suppression motion; 420 days from this suppression ruling to the supreme court decision; and 78 days from the supreme court decision to the district court order on remand.

The case was assigned for a trial on September 17, 1985. Prior to this, on September 6, 1985, the State sought to amend its trial information to add a new basis for manslaughter charges. Through an order dated September 10, 1985, without hearing, this amendment was allowed. The next day the district court granted defendant's unresisted motion for continuance. By

regular trial assignment the case was again set to commence on November 13, 1985. The case was again continued until further assignment because of the trial judge's conflicting jury trial assignment. The court administrator reset the trial date for February 19, 1986. On February 6, 1986, defendant filed a motion to dismiss based on the one-year speedy trial right. Following a hearing, the district court dismissed the action in a ruling filed February 19, 1986.

Our scope of review is limited to correction of errors at law. Iowa R.App.P. 4. The trial court's findings of fact have the force of a special verdict and are binding upon us if supported by substantial evidence. Iowa R.App.P. 14(f)(1). This case is reviewed as tried in the court below. *Mosebach v. Blythe,* 282 N.W.2d 755, 758 (Iowa 1979). We are not bound by the trial court's determination of law and are free to decide whether the court's findings were the result of legal error. *Rouse v. State,* 369 N.W.2d 811, 813 (Iowa 1985).

 "All criminal cases must be brought to trial within one year after the defendant's initial arraignment pursuant to R.Cr.P. 8 unless an extension is granted by the court, upon a showing of good cause." Iowa R.Crim.P. 27(2)(c). Rule 27(2)(c) establishes an "outer limit" for trial, like a statute of limitation. *State v. Hempton,* 310 N.W.2d 206, 208 (Iowa 1981). Once the one-year period has expired the State must show either a waiver on the part of the defendant or good cause for the delay. *See State v. Miller,* 311 N.W.2d 81, 83–84 (Iowa 1981).

Waiver is not specifically mentioned in Iowa Rule of Criminal Procedure 27(2)(c) but because the right to a speedy trial is personal, it is one which a defendant may "forego at his election." *State v. Magnuson,* 308 N.W.2d 83, 85 (Iowa 1981).

> [W]hen a defendant is not brought to trial within the one-year period of rule 27(2)(c) because of delay chargeable or consented to by the defendant, the prosecution should not be prohibited from ob-

taining an extension by showing good cause for the delay.

\* \* \* \* \* \*

> The time proscription of rule 27(2)(c) is principally for the benefit of the defendant. A defendant who elects to forego the speedy trial right by causing or acquiescing in delay should not profit from the State's failure to obtain an extension of the time period for trial.

*Miller,* 311 N.W.2d at 84. Defense counsel acting within the scope of their authority may waive the right on defendant's behalf. *State v. Le Flore,* 308 N.W.2d 39, 41 (Iowa 1981).

 In considering whether good cause exists, we consider only one factor: the reason for the delay. *State v. Petersen,* 288 N.W.2d 332, 335 (Iowa 1980). The "reason for the delay" cannot be considered entirely in a vacuum. Rather surrounding circumstances—such as length of delay, whether the defendant asserted his right to speedy trial, and whether defendant was prejudiced by the delay—may be considered only as they weigh on the sufficiency of the reason itself. *Id.* The State has the burden of demonstrating good cause for the extension. *Miller,* 311 N.W.2d at 84. Under rule 27(2)(c) the burden is a heavy one.

 Regardless of the fact that defendant waived his 90–day right to speedy trial, we still must consider whether he waived his right to trial within one year from initial arraignment. Fourteen days after the initial arraignment defendant filed a motion to suppress. On November 10, 1983, defendant filed a motion to continue the suppression hearing from November 15 to November 22, due to a trial conflict. This was granted, and as a result of this continuance, the trial date of December 6, 1983, was also continued. We do not consider the defendant's motion to suppress a waiver to his right to speedy trial; rather it was a necessary protection, as is seen in the court order on August 8, 1985, suppressing said evidence. Further, we do not consider the week-long continuance, when considered in the year-long time period, as a

waiver of defendant's right to speedy trial. The December 6, 1983, suppression hearing was interrupted and continued until March 22, 1984, because of the State's failure to prepare. As a result of the district court sustaining defendant's motion, the State filed an application for discretionary review on April 6, 1984. During this appeal the attorney general's office twice sought and received extensions for time to file briefs (served August 14, 1984, and September 13, 1984). Within the first year the defendant filed a motion to suppress and received a week continuance due to a trial conflict. From September 27, 1983, to September 27, 1984, defendant did not waive his right to speedy trial.

■ After the one-year period has lapsed, the State has the burden of showing "good cause" for the delay. The delay here is from September 27, 1984, to February 19, 1986. We consider the key factor "the reason for the delay."

Here the delay was caused by: (1) the period required to obtain a full and fair hearing on the defendant's motion to suppress; (2) the extensions granted during the appeal; and (3) the State's amendment to the information. The delay was the result of: the State's failure to prepare for the December 6, 1983, suppression hearing; the attorney general's failure to timely file briefs on appeal; and the State's amendment of the information nearly two years after the initial arraignment. "The State, not the defendant, must see that prosecution is timely and that a trial is afforded within the allowable period." *State v. Lybarger,* 263 N.W.2d 545, 546 (Iowa 1978). The speedy trial guarantee is designed, among other things, "to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges." *United States v. MacDonald,* 456 U.S. 1, 8, 102 S.Ct. 1497, 1502, 71 L.Ed.2d 696, 704 (1982). Here the State failed to fulfill its duty. From the initial arraignment to the final trial date a period of 862 days passed; of those 411 were on appeal to the supreme court and 78 involved in a remand proceeding. Therefore, for 373 days this case was

before the district bench. (We do not consider the remand period when considering the one-year limitation.) Even if we go so far as to subtract the seven days (from November 15 to 22) caused by defense counsel's trial conflict, still more than a year had lapsed with no trial. The defendant has suffered too long with the weight of these criminal charges.

Furthermore, in support of our affirmance of the district court, we note our review is not de novo. We reverse only for an abuse of discretion. *Lyburger,* 263 N.W.2d at 546. The State not only failed its burden of showing waiver or good cause, it also failed to show an abuse in the trial court's discretion.

AFFIRMED.