STATE of Iowa, Appellee,

v.

**Daniel John HOLTZ, Appellant.**

No. 95–450.

Court of Appeals of Iowa.

March 27, 1996.

Heard by HABHAB, P.J., and CADY and HUITINK, JJ.

CADY, Judge.

Daniel Holtz appeals his judgment and sentence for three counts of indecent exposure and one count of attempted enticement of a child. He claims the trial court erred when it substantially modified the uniform jury instruction and failed to instruct the jury on the recognized factors to consider in deciding credibility.

Daniel Holtz was arrested on June 14, 1994 after three young girls reported Holtz exposed himself to them at the Hickory Hills Park in Tama County. Holtz was charged with multiple counts of enticement of a child, attempted enticement of a child, and indecent exposure.

The three children testified at trial for the prosecution, as well as several other witnesses. Some of the children's testimony was inconsistent and contradictory. The trial court instructed the jury on the credibility of witnesses as follows:

> You are the sole judges of the believability of the witnesses. You may believe all, part, or none of any witness's testimony.

Holtz objected to the instruction, and requested the Iowa Uniform Jury Instruction on credibility be given.[1] Holtz argued it was important for the jury to know the various factors which may be considered in judging a witness's credibility. The trial court rejected the request, indicating the factors listed in the uniform instruction were not "rules of law," but amounted to "the court commenting on the evidence or making argument."

The jury convicted Holtz. He appeals claiming the trial court abused its discretion

Linda Del Gallo, State Appellate Defender, and John F. Fatino, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Roxann M. Ryan, Assistant Attorney General, and Brent D. Heenen, County Attorney, for appellee.

1. Iowa Uniform Jury Instruction 100.7 provides:

    Decide the facts from the evidence. Consider the evidence using your observations, common sense and experience. Try to reconcile any conflicts in the evidence; but if you cannot, accept the evidence you find more believable.

    In determining the facts, you may have to decide what testimony you believe. You may believe all, part of none of any witness's testimony.

    There are many factors which you may consider in deciding what testimony to believe, for example:
    1. Whether the testimony is reasonable and consistent with other evidence you believe.
    2. Whether a witness has made inconsistent statements.
    3. The witness's appearance, conduct, age, intelligence, memory and knowledge of the facts.
    4. The witness's interest in the trial, their motive, candor, bias and prejudice.

in failing to give the uniform instruction of credibility of witnesses.

We review the failure to give a requested instruction for an abuse of discretion. *State v. Selestan*, 515 N.W.2d 356, 358 (Iowa App.1994). Moreover, any error in jury instructions must be prejudicial to warrant reversal. *State v. Webb*, 516 N.W.2d 824, 831 (Iowa 1994).

Trial courts are not bound by the uniform jury instructions. *See State v. Harrington*, 284 N.W.2d 244, 250 (Iowa 1979). Nevertheless, we generally prefer the uniform instructions be followed by trial courts. *See State v. Weaver*, 405 N.W.2d 852, 855 (Iowa 1987).

We disagree with the trial court the uniform instruction amounts to a comment on the evidence or argument. The factors set forth in the uniform instruction are recognized aids to a jury in considering the issue of witness credibility. Nevertheless, we cannot conclude the trial court abused its discretion by giving the modified general instruction. It fairly defined the jury's task, and conveyed the need for the testimony to be scrutinized. Under the circumstances, the instruction given was adequate.

We also conclude no prejudice resulted from any error in failing to give the uniform instruction. Defense counsel was free to use the recognized factors in closing argument, and to point out any inconsistencies, bias, prejudices, or unreasonable statements, to assist the jury in determining the credibility of the witnesses.

**AFFIRMED.**