# IN THE COURT OF APPEALS OF IOWA

No. 14-0661
Filed January 28, 2015

**STATE OF IOWA,**
        Plaintiff-Appellant,

**vs.**

**MARIA A. MEYER,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Dubuque County, Lawrence H. Fautsch, Judge.

        The State appeals the district court's grant of Maria Meyer's motion to dismiss based on an alleged violation of her right to a speedy trial. **REVERSED AND REMANDED.**

        Thomas J. Miller, Attorney General, Heather R. Quick, Assistant Attorney General, Ralph Potter, County Attorney, and Brigit Barnes, Assistant County Attorney, for appellant State.

        Mark C. Smith, State Appellate Defender, for appellee.

        Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**VOGEL, P.J.**

The State appeals the district court's grant of Maria Meyer's motion to dismiss based on an alleged violation of her right to a speedy trial. It asserts the court erred in determining Meyer's attorney could not waive speedy trial on her behalf and also that good cause did not exist for the delay. Because defense counsel waived Meyer's speedy-trial rights on her behalf, and he did so acting within the scope of his authority as Meyer's legal representative, we conclude the district court erred when finding Meyer did not waive her speedy-trial rights. Consequently, we reverse the court's grant of Meyer's motion to dismiss and remand for further proceedings.

Meyer was charged by four different trial informations relating to allegations she stole checks. She was charged on July 9, 2012, under two case numbers, and again on July 24, 2013, also under two case numbers. The speedy trial deadline was set to expire on October 7, 2013, and October 22, 2013, respectively.

During the first pretrial conference, Meyer asserted her right to a speedy trial. A "final" pretrial conference was held on September 18, and it was noted Meyer requested a continuance of trial as well as demanded speedy trial. Another final pretrial conference was set for September 24, and the trial was continued to September 30. At the pretrial conference on September 24, 2013, Meyer's attorney, Steven Hodge, appeared on her behalf. According to the presiding judge's testimony at the motion to dismiss hearing, Hodge requested a continuance beyond the speedy-trial deadline and informed the court he would

file a written waiver of Meyer's speedy-trial rights.[1]  An order resetting pretrial to November 12 and trial to November 18, 2013, was filed.[2]  No written waiver of speedy-trial rights was ever filed.  However, on November 15, the district court issued an order stating Hodge had waived speedy trial on Meyer's behalf.

Meyer failed to appear for trial on November 18.  The State requested the court either reschedule the trial or issue a warrant for Meyer's arrest, after which both the State and Hodge agreed to continue the trial to January 13, 2014. Meyer did not assert her speedy-trial rights until December 8, 2013, when she filed a motion to dismiss due to a violation of these rights.  The State resisted, arguing Hodge had waived speedy trial on Meyer's behalf, or alternatively, good cause existed for the delay.  New counsel for Meyer was appointed, and a hearing on her motion to dismiss was held, at which Hodge and the district court judge who presided over the initial proceedings testified.

On March 27, 2014, the district court granted Meyer's motion to dismiss. Specifically, it held:

> Mr. Hodge's statement that he had no recollection of any discussion at the time of the pretrial conference as to the status of a speedy trial is not equivalent to saying that there was no discussion of such.  Only Judge Ackley testified that she had a recollection of a discussion pertaining to the speedy trial issue at the pretrial conference.  This Court therefore concludes that Judge Ackley's

---

[1] At the motion to dismiss hearing, Hodge testified he did not remember stating he was going to file a waiver.

[2] The order stated:

> At the final pretrial/status conference of September 16, 2013, the Court was informed by counsel that a waiver of speedy trial was being executed by Defendant and would be presented to the Court.  Trial was rescheduled to November 18, 2013, pursuant to this assertion . . . .  Based on *State v. LeFlore*, 308 N.W.2d 39, 41 (Iowa 1981) . . . the Court hereby determines that counsel waived the right to speedy trial in his assertions to the Court at the pretrial/status conference of September 23, 2013.

recollection must be given greater weight than Mr. Hodge's lack of recollection. But Mr. Hodge's representation to the Court was not a waiver of speedy trial on behalf of the Defendant. It was a representation that a waiver of speedy trial would be effectuated by the Defendant doing so in writing.

It further concluded good cause did not exist for the delay. The State appeals.

When a party alleges the district court improperly applied procedural rules regarding the speedy-trial issue, we review for correction of errors at law. *State v. Miller*, 637 N.W.2d 201, 204 (Iowa 2001). However, "The trial court's discretion to avoid dismissal under rule [2.33](2)(b) is circumscribed by the limited exceptions to the rule's mandate. So the question, ultimately, is whether the trial court properly exercised—or abused—its limited discretion under the rule." *Id.* (internal citations omitted).

Our supreme court has held "that the statutory right to a speedy trial . . . is not a personal right that can be waived only by the defendant. Defense counsel acting within the scope of his or her authority may waive this right on the defendant's behalf without the defendant's express consent." *LeFlore*, 308 N.W.2d at 41. Here, the district court explicitly found defense counsel asserted to the court that a written waiver would be filed. We further note the order of November 15, 2013, stated: "Based on [*Laflore*], the Court hereby determines that counsel waived the right to speedy trial in his assertions to the Court at the pretrial/status conference of September 23, 2013."

In making the representation to the district court that a written waiver would be filed, Hodge was acting within the scope of his authority as Meyer's counsel. Therefore, his statements operated as a waiver of Meyer's speedy trial rights. *See id.* We further find it relevant that two separate trial dates beyond the

speedy trial deadline were agreed to by the State and Hodge. *See State v. Smith*, 573 N.W.2d 14, 18 (Iowa 1997) ("A defendant may not claim a violation of his speedy trial rights when he has acquiesced in the trial date set by the district court."). Consequently, the district court, in granting the motion to dismiss, erred as a matter of law when concluding Meyer's speedy-trial rights were not waived. Consequently, we reverse the court's grant of Meyer's motion to dismiss and remand for further proceedings.

**REVERSED AND REMANDED.**