# IN THE COURT OF APPEALS OF IOWA

No. 14-1043
Filed October 28, 2015

**MARQUISE JIMMY JOHNSON,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, David F. Staudt, Judge.

Marquise Jimmy Johnson appeals from the district court's denial of his application for postconviction relief. **AFFIRMED.**

Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant.

Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, Linda Fangman, County Attorney, and Kimberly A. Griffith, Assistant County Attorney, for appellee State.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**VAITHESWARAN, Presiding Judge.**

A jury found Marquise Johnson guilty of assault causing serious injury in connection with the stabbing of Marcus Harding. This court affirmed his conviction and sentence and preserved his ineffective-assistance-of counsel claims for postconviction relief. *State v. Johnson*, No. 12-1425, 2013 WL 3458151, at *2-3 (Iowa Ct. App. July 10, 2013).

Johnson filed a postconviction-relief application raising several ineffective-assistance-of-counsel claims. The district court denied the claims following an evidentiary hearing. Johnson appealed.

Johnson challenges his original trial attorney's failure "to timely file notices of self-defense or defense of others." He also challenges his second trial attorney's failure to argue good cause for an untimely filing of a self-defense notice and his failure to insist on complete corroborating testimony from a certain witness.

To succeed on his ineffective-assistance-of-counsel claims, Johnson was required to show his attorneys breached essential duties and prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The prejudice component requires a showing of a reasonable probability of a different outcome. *State v. Maxwell*, 743 N.W.2d 185, 196 (Iowa 2008).

The law on self-defense is clear. A defendant intending to rely on the defense is obligated to file a written notice of such intention "within the time for filing pretrial motions." Iowa R. Crim. P. 2.11(11)(c). The time limit is "no later than 40 days after arraignment." Iowa R. Crim. P. 2.11(4). Failure to abide by the deadline will preclude the defendant from offering evidence on the issue

"without leave of court for good cause shown." Iowa R. Crim. P. 2.11(11)(d). However, the right of the defendant to present evidence on the defense is not limited by the rule. *Id.*

Our de novo review of the record reveals the following facts. Johnson's first attorney testified he was forced to withdraw as counsel due to a conflict of interest within his office. Before he withdrew, Johnson gave him no reason to believe the stabbing was an act of self-defense. To the contrary, Johnson denied he stabbed the other man. According to the attorney, Johnson told him he "did not stab the alleged victim, that the alleged victim would testify . . . Mr. Johnson did not stab him."

Nothing in Johnson's statements to the first attorney would have placed the attorney on notice that he would need to file a self-defense notice. Accordingly, we conclude his first attorney breached no essential duty in failing to file a notice of self-defense and this ineffective-assistance-of-counsel claim fails. *See State v. Rice*, 543 N.W.2d 884, 888 (Iowa 1996) ("In assessing claims of ineffective assistance of counsel, a defendant's conduct is examined as well as that of his attorney.").

We turn to the merits of Johnson's ineffective-assistance-of-counsel claim against his second trial attorney, bypassing the error preservation concern raised by the State. *See State v. Taylor*, 596 N.W.2d 55, 56 (Iowa 1999). This attorney was appointed shortly before trial, in the wake of the first attorney's withdrawal. Following the appointment, Johnson changed course and asserted he did indeed stab Harding, but acted in self-defense. In light of this disclosure, Johnson's

second attorney filed a belated notice of self-defense. He did not argue good cause for the late filing or seek a postponement of the trial.

The sudden appointment of new counsel may constitute good cause for a late filing of a notice of defense. See State v. Jordan, 779 N.W.2d 751, 755 (Iowa 2010). Accordingly, Johnson's second attorney could have argued his late appointment amounted to good cause for his belated notice of self-defense and warranted full consideration of the defense. However, the attorney was placed on the horns of a dilemma. He testified Johnson did not wish to waive the speedy trial deadline; "he wanted to keep the trial date that was scheduled." The attorney's "fear was if" he argued good cause, he "would have been told by the court that [his] remedy [was] probably a continuance and [his] client did not want a continuance." Counsel chose to abide by Johnson's wishes.

We recognize counsel could have waived Johnson's statutory right to a speedy trial without Johnson's express consent. See State v. LeFlore, 308 N.W.2d 39, 41 (Iowa 1981); see also Paulson v. State, No. 12-1119, 2013 WL 2146462, at *2 (Iowa Ct. App. May 15, 2013) (declining to find counsel ineffective for waiving speedy trial right and moving for a continuance). But, had he done so, we are convinced there would have been no reasonable probability of a different outcome. At best, a good cause finding for late filing of the self-defense notice together with a continuance of trial would have garnered Johnson the ability to present corroborating testimony for his self-defense theory. The district court permitted such testimony, albeit in truncated form.

A witness at the scene, Jalissa Simmons, was allowed to impugn the testimony of her sister Jaricka, which implicated Johnson in the stabbing. Jalissa

categorically stated her sister did not see what happened. Although the district court disallowed additional testimony from Jalissa about Johnson's actions in defense of himself and others, her limited testimony reaffirmed Johnson's testimony that Jaricka "didn't see anything." The jury was left to either believe Jaricka or believe Jalissa and Johnson.

The result of trial—a finding of guilt on the lesser-included offense of assault causing serious injury rather than willful injury causing serious injury— reveals that the jury essentially believed Jalissa and Johnson even without additional testimony from Jalissa concerning Johnson's efforts to wrest the knife from Harding. This result is precisely what Johnson sought. In a pro se closing statement to the jury, he stated:

> I can't say that I was justified for doing what I did to Mr. Harding that night, but I feel that I had to protect my girl and me. Because he did enter the room with that knife. . . . I don't want to hurt anybody. But I will do anything to protect my girl, which I do love. And I feel that I did assault Mr. Harding, but I did not cause bodily injury to have intentions to hurt anybody because that wasn't my intention to hurt Mr. Harding. He is a friend of mine.

In the face of this record, we conclude Johnson failed to establish *Strickland* prejudice and his ineffective-assistance-of-counsel claim against his second trial attorney also fails.

We affirm the district court's denial of Johnson's postconviction relief application.

**AFFIRMED.**