# IN THE COURT OF APPEALS OF IOWA

No. 15-0333
Filed March 9, 2016

**STATE OF IOWA,**
         Plaintiff-Appellee,

**vs.**

**CHERYL LYNN BALSTER,**
         Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Stephen B. Jackson Jr., Judge.

Cheryl Balster appeals following judgment and sentence entered upon her conviction for operating while intoxicated, third offense. **AFFIRMED.**

David A. Cmelik of David A. Cmelik Law PLC, Hiawatha, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Mullins and McDonald, JJ. Potterfield, J. takes no part.

**DANILSON, Chief Judge.**

Cheryl Balster appeals following judgment and sentence entered upon her conviction for operating while intoxicated (OWI), third offense. She contends trial counsel was ineffective in failing to file a motion to dismiss based upon a violation of her speedy trial rights. She also contends there is insufficient evidence to support the conviction.

**I. Background Facts and Proceedings.**

On September 13, 2013, the State charged Balster with OWI, third offense, in violation of Iowa Code section 321J.2 (2013). Balster answered by way of written arraignment and plea of not guilty on September 20, acknowledging, "I understand that times for further proceedings which are computed from the date of arraignment will be computed from the date of filing this written arraignment and plea of not guilty."

The trial was scheduled and continued several times, and was tried to a jury on October 6–8, 2014.

Police Officer Lucas Jones testified with respect to the traffic stop of Balster, which was initiated after Balster had crossed the center line twice, had a delayed start after a stop light turned green, and failed to stop at a stop sign. Officer Jones approached the driver and informed her she had run a stop sign. Balster giggled and said, "oopsie." The officer noticed Balster had "bloodshot watery eyes" and "there was a strong odor of an alcoholic beverage emanating from within the vehicle." Jones asked her if she had been drinking. Balster told him she had a vodka and tonic about an hour and a half earlier. Balster submitted to field sobriety tests, and Jones testified she failed all three. Balster

was arrested and taken to the police station, where she refused a breath test. An officer at the station, Jason Roorda, booked Balster and testified he smelled a weak odor of an alcoholic beverage in her presence and she had watery eyes.

Blaster testified on her own behalf and acknowledged she did "drink and drive" but that she was not under the influence, did not feel "buzzed," and was neither mentally affected nor diminished in the control of her bodily functions. She explained she was a realtor and had consumed a celebratory drink upon closing on a house sale just prior to the traffic stop. On cross-examination, however, Balster admitted she incorrectly told the officer she had a drink about an hour and a half earlier. Balster testified further she had life-long vision problems with 20/250 vision in her left eye and 20/200 vision in her right eye (and the benchmark for legal blindness is 20/200 vision). She testified that her eye doctor experimented with "monovision" to block out the vision in one eye with a special contact lens because it could not be physically corrected, and at the time of her arrest, she had been experimenting with this treatment for approximately one month. The result of her vision problems is that Balster has a large blind spot on her left side. Blaster also testified she had suffered several head injuries over her lifetime that left her with terrible balance. She attributed her poor driving to inattention because she was turning on her cell phone and sorting out the paperwork and checks from the sale closing to prepare for the bank and mail.

The jury found Balster guilty of OWI. Balster subsequently admitted two prior OWI convictions. Balster now appeals.

**II. Scope and Standard of Review.**

Claims of constitutionally defective counsel arise from the Sixth Amendment, which we review de novo. *State v. Utter*, 803 N.W.2d 647, 651 (Iowa 2011); *State v. Vance*, 790 N.W.2d 775, 785 (Iowa 2010).

We review a challenge to the sufficiency of the evidence for correction of errors at law. *State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011).

**III. Discussion.**

*A. Ineffective assistance of counsel.* Iowa Rule of Criminal Procedure 2.33(2)(c) provides: "All criminal cases must be brought to trial within one year after the defendant's initial arraignment pursuant to rule 2.8 unless an extension is granted by the court, upon a showing of good cause." "Once the one-year period has expired the State must show either a waiver on the part of the defendant or good cause for the delay." *State v. Mary*, 401 N.W.2d 239, 241 (Iowa Ct. App. 1986). However, Balster did not raise the issue before the trial court, and thus, Balster can only raise the issue as one of ineffective assistance. *See State v. Hamilton*, 309 N.W.2d 471, 476 (Iowa 1981) ("The issue concerning the one-year time period of subsection (2)(c) was not raised until this appeal. As we just noted, matters not raised before the trial court cannot be raised for the first time on appeal.").

To establish a claim of ineffective assistance of counsel, the defendant must show (1) the attorney failed to perform an essential duty and (2) prejudice resulted. *Utter*, 803 N.W.2d at 651. Balster bears the burden of proving both elements and failure to prove either element is fatal to the claim. *See State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003). To prove counsel failed to perform

an essential duty, Balster must establish her counsel's representation dropped below an objective standard of reasonableness. *See Hinton v. Alabama*, 134 S. Ct. 1081, 1088 (2014). Regarding prejudice, the ultimate inquiry is whether trial counsel's allegedly deficient performance caused a complete "breakdown in the adversary process" such that the conviction is unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). This requires the defendant to establish "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lamasters v. State*, 821 N.W.2d 856, 866 (Iowa 2012).

We generally preserve ineffective-assistance-of-counsel claims for postconviction-relief proceedings. *Utter*, 803 N.W.2d at 651. "Only in rare cases will the trial record alone be sufficient to resolve the claim on direct appeal." *State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006). We prefer to reserve such claims for development of the record and to allow trial counsel to defend against the charge. *Id.* If the record is inadequate to address the claim on direct appeal, we must preserve the claim for a postconviction-relief proceeding, regardless of the potential viability of the claim. *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010). Here, we conclude the record is inadequate to address Balster's claim, and counsel should have an opportunity to respond to the charge of ineffective assistance of counsel. We therefore preserve Balster's ineffective-assistance claim for possible postconviction review.

***B. Sufficiency of the evidence.*** Balster argues there is insufficient evidence to support her OWI conviction. We will uphold a verdict if it is supported by substantial evidence. *Brubaker*, 805 N.W.2d at 171. When a

rational fact finder is convinced by the evidence that the defendant is guilty beyond a reasonable doubt, the evidence is substantial. *Id.* "The evidence is reviewed in the light most favorable to the State, and all of the evidence presented at trial, not just evidence that supports the verdict, is considered." *State v. Kemp*, 688 N.W.2d 785, 789 (Iowa 2004).

Here, Balster acknowledged driving after drinking. While she denied she was intoxicated, the State presented evidence she drove across the center line and ran a stop sign. Officer Jones testified Balster had watery bloodshot eyes and smelled of an alcoholic beverage. He also opined that Balster failed field sobriety tests. The jury was not required to accept Balster's assertions about why the officer did not video record the sobriety tests and why she failed those tests because the jury is free to give each piece of evidence the weight it deserves, "to place credibility where it belongs," and to accept or reject any witness's testimony. *See State v. Shanahan*, 712 N.W.2d 121, 135 (Iowa 2006). Because there was substantial evidence to support the conviction, we affirm.

**AFFIRMED.**