# IN THE COURT OF APPEALS OF IOWA

No. 18-0616
Filed March 20, 2019

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**KEITH WILLIAM DAVIS JR.,**
　　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dubuque County, Monica Zrinyi Wittig, Judge.

Keith Davis Jr. appeals his conviction, following a jury trial, of sexual abuse in the third degree. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

Keith Davis Jr. appeals his conviction, following a jury trial, of one count of sexual abuse in the third degree. He contends his trial counsel was ineffective in failing to: (1) move for a dismissal on speedy-trial-violation grounds and (2) request jury instructions regarding contradictory statements by the complaining witness.

## I.    Background Facts and Proceedings

On July 19, 2016, the State charged Davis by trial information with one count of sexual abuse in the third degree. Davis filed a written arraignment on July 22 and entered a plea of not guilty. His arraignment included his demand for a speedy trial under Iowa Rule of Criminal Procedure 2.33(2)(b).[1] The court arraigned Davis on July 25 and initially set trial for September 6. Davis subsequently filed a reverse-waiver motion to transfer the jurisdiction of the case to juvenile court.[2] In the court's order filed after the August 15 pretrial conference, the September trial date was confirmed and Davis's demand for a speedy trial was noted. However, after another pretrial conference in late August, the court continued the trial to October 11 at Davis's request. The court continued the trial again due to the court's consideration of the reverse-waiver motion, scheduling trial to commence in December. Davis filed a waiver of his right to a speedy trial under rule 2.33(2)(b) on October 6. His speedy-trial waiver reserved his speedy-

---

[1] Rule 2.33(2)(b) provides that, unless waived, "a defendant must be brought to trial within 90 days after indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary be shown."

[2] The court initially scheduled a hearing on the reverse-waiver motion for September 19. However, the court continued the hearing to October 5 at the State's request. Davis did not oppose the continuance of the hearing.

trial rights under rule 2.33(2)(c). The court ultimately denied Davis's reverse-waiver motion.

Davis requested continuances on December 1, January 26, 2017,[3] March 7, and April 7. Each motion to continue noted "the Defendant has waived speedy trial. The Defendant has executed a waiver of [his] rights under Rule" 2.33(2)(b). The court reset the trial date after each request. Defense counsel then requested the court set a plea-taking hearing in mid-May. This hearing was rescheduled after Davis filed a handwritten letter requesting a new attorney, citing the numerous continuances requested by defense counsel. However, on June 7, the court rendered the motion moot, as Davis rescinded his request for a new attorney. Davis then filed a handwritten motion to dismiss on June 14. In the motion, Davis claimed his attorney had not met several of the requirements of the Iowa Rules of Professional Conduct.[4] He also claimed a violation of his speedy trial rights under rule 2.33(2)(a).[5] The court initially scheduled a hearing on Davis's motion for dismissal and plea proceedings for June 30. However, defense counsel requested a continuance due to his unavailability. The court granted the continuance and rescheduled the hearing for July 31. On July 5, the court received a handwritten letter from Davis requesting his physical presence at the hearing scheduled for

---

[3] The court granted a continuance in late February noting, "Defendant requested a continuance of the trial. He has waived speedy trial." However, there is no separately filed motion found in the record.

[4] Davis erroneously labeled these duties to be required by the Iowa Rules of Criminal Procedure.

[5] Rule 2.33(2)(a) requires an indictment within forty-five days after an arrest for the commission of a public offense, unless there is a showing of good cause or the defendant has provided a waiver. The court did not address the alleged violation on the record until a December 1 pretrial conference, when it found there was no violation.

June 30 and also requested the hearing not be rescheduled. The court filed an order the same day reiterating the rescheduled hearing date of July 31, noting counsel's unavailability and Davis's speedy-trial waiver. The hearing was postponed again to August 23 after defense counsel appeared and indicated to the court that further plea discussions needed to be conducted.

Thereafter, Davis sent another handwritten letter to the court, which the court received on August 22. In the letter, Davis requested the court to dismiss the case because defense counsel waived his speedy trial rights under rule 2.33(2)(c) without his consent or knowledge. The court held a hearing the next day as scheduled, during which it addressed Davis's letter. It denied his motion to dismiss, explaining that his counsel can waive his speedy-trial rights as part of defense strategy. Davis declined to enter a guilty plea and asserted his right to trial. Further, he reasserted his speedy-trial rights under rule 2.33(2)(b). The court scheduled his trial for October 24.

Davis moved for a continuance on October 20, which the court granted. The motion noted that Davis had waived his speedy-trial rights under both rule 2.33(2)(b) and (c).[6] Davis filed another handwritten motion to dismiss on November 2.[7] On November 7, Davis filed another motion to continue and a speedy-trial waiver, which purported to waive his rights under rule 2.33(2)(b) but limited his waiver and required that he be tried by December 7. Trial was held on December 5 through 7. The jury returned a guilty verdict on one count of sexual

---

[6] No signed waiver form is included in the record.
[7] Davis based his motion on the grounds of a lack of substantial evidence and the unreliability of the complaining witness.

abuse in the third degree on December 8. The court subsequently entered judgment and sentenced Davis to a term of incarceration not to exceed ten years. His sentence also included an order to register as a sex offender, placement on the sex-offender registry, and a lifetime special sentence pursuant to Iowa Code section 903B.1 (2016).

## II.      Analysis

Davis appeals his conviction, claiming his counsel rendered ineffective assistance in two respects. We review ineffective-assistance-of-counsel claims de novo. *State v. Harrison*, 914 N.W.2d 178, 188 (Iowa 2018). "Generally, claims of ineffective assistance of counsel are preserved for postconviction relief proceedings." *Id.* at 206 (quoting *State v. Soboroff*, 798 N.W.2d 1, 8 (Iowa 2011)). This allows for the development of an adequate record and offers "the attorney charged with ineffective assistance with the 'opportunity to respond to defendant's claims.'" *Id.* (quoting *Soboroff*, 798 N.W.2d at 8). "However, if 'the record is adequate, we may resolve the claim on direct appeal.'" *Id.* (quoting *Soboroff*, 798 N.W.2d at 8).

Davis must show his trial counsel "failed an essential duty and that the failure resulted in prejudice." *Id.* at 188 (quoting *State v. Schlitter*, 881 N.W.2d 380, 388 (Iowa 2016)). We presume "the attorney performed competently" and "we avoid second-guessing and hindsight." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). "[C]ounsel fails his or her essential duty by 'perform[ing] below the standard demanded of a reasonably competent attorney.'" *Harrison*, 914 N.W.2d at 206 (quoting *Ledezma*, 626 N.W.2d at 142). Claims of "ineffective assistance [are] more likely to be established when the alleged actions or inactions

of counsel are attributed to a lack of diligence as opposed to the exercise of judgment." *Ledezma*, 626 N.W.2d at 142. Davis must also prove prejudice resulted from his trial counsel's failure by demonstrating "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 143 (quoting *Strickland v. Washington*, 466 U.S. 668, 964 (1984)).

A.     Speedy Trial

Davis first claims his trial counsel was ineffective in failing to move for a dismissal based on a violation of his right to a speedy trial within one year. Iowa Rule of Criminal Procedure 2.33(2)(c) provides: "All criminal cases must be brought to trial within one year after the defendant's initial arraignment pursuant to rule 2.8 unless an extension is granted by the court, upon a showing of good cause." After the one-year period expires "the State must show either a waiver on the part of the defendant or good cause for the delay." *State v. Mary*, 401 N.W.2d 239, 241 (Iowa Ct. App. 1986). We require diligence from the State and "[e]ven when the state does not intentionally cause the delay, inaction in pursuing a defendant weighs against a finding of good cause." *State v. Taylor*, 881 N.W.2d 72, 76–77 (Iowa 2016). "[F]ailing to ensure the State abided by the time restrictions found in rule 2.33(2) is a failure to perform an essential duty." *Ennenga v. State*, 812 N.W.2d 696, 706 (Iowa 2012).

The consequence for the failure to provide a speedy trial is "an 'absolute dismissal, a discharge with prejudice, prohibiting reinstatement or refiling of an information or indictment charging the same offense.'" *Id.* at 701 (quoting *State v. Abrahamson*, 746 N.W.2d 270, 273 (Iowa 2008)). Dismissal is required "unless

the State proves (1) defendant's waiver of speedy trial, (2) delay attributable to the defendant, or (3) 'good cause' for the delay." *Taylor*, 881 N.W.2d at 76 (quoting *State v. Winters*, 690 N.W.2d 903, 908 (Iowa 2005)). "Delay attributable to the defendant may constitute good cause preventing the State from carrying out its obligation to bring the defendant to trial in a timely manner." *State v. Elder*, 868 N.W.2d 448, 453 (Iowa Ct. App. 2015). A defendant "may not actively, or passively, participate in the events which delay his trial and then later take advantage of that delay to terminate the prosecution." *State v. Finn*, 469 N.W.2d 692, 694 (Iowa 1991). "Waiver is not specifically mentioned in Iowa Rule of Criminal Procedure [2.33(2)(c)] but because the right to a speedy trial is personal, it is one which a defendant may 'forego at his election.'" *Mary*, 401 N.W.2d at 241 (quoting *State v. Magnuson*, 308 N.W.2d 83, 85 (Iowa 1981)). "Defense counsel acting within the scope of his or her authority may waive this right on the defendant's behalf without the defendant's express consent." *State v. LeFlore*, 308 N.W.2d 39, 41 (Iowa 1981). "[S]peedy trial rights [can] be waived by continuance motions made by the Defense, not merely those made by defendant." *State v. O'Connell*, 275 N.W.2d 197, 200 (Iowa 1979).

Here, Davis filed a written arraignment on June 22, 2016. The court filed its arraignment order on June 25. Davis was brought to trial on December 5, 2017, well outside the one-year time period under rule 2.33(2)(c). Therefore, we turn to whether good cause existed for the delay in bringing Davis to trial. "In determining whether there is good cause for a delay, we focus only on one factor, the reason for the delay." *State v. Campbell*, 714 N.W.2d 622, 628 (Iowa 2006). We do not consider the reason within a vacuum; instead "surrounding circumstances—such

as length of delay, whether the defendant asserted his right to speedy trial, and whether defendant was prejudiced by the delay—may be considered only as they weigh on the sufficiency of the reason itself." *Mary*, 401 N.W.2d at 241.

On our review of the record, we find that throughout the pendency of this case until trial, both before and after the one-year deadline expired, the delay in proceeding was due to Davis, as he requested continuance after continuance. Accordingly, we find that defense counsel waived Davis's speedy-trial rights by "the succession of continuance motions. Defense counsel's action was within the scope of his authority, and the delay caused thereby was in no way attributable to the State." *LeFlore*, 308 N.W.2d at 41. After Davis reasserted his speedy-trial rights during the August 23, 2017 hearing, the court scheduled his trial to commence within the deadline of his reasserted rights, on November 21. Counsel then requested two additional continuances and in both motions identified that Davis had waived his rights under rule 2.33(2)(b) and (c). A written limited waiver of speedy trial was filed on November 11 and asserted that he should be tried by December 7. The court honored this, and Davis's trial commenced on December 5. We therefore find no violation of Davis's speedy-trial rights and, accordingly, reject Davis's claim of ineffective assistance of counsel.

B.     Jury Instruction

Davis also challenges his trial counsel's failure to request specific jury instructions to focus the jury's attention on inconsistencies in the trial testimony of the complaining witness, J.S., in relation to both J.S.'s deposition testimony and what J.S. told other witnesses. Davis contends inconsistencies addressing what J.S. remembered about the sexual assault, the location where the assault took

place, and who J.S. spoke with prior to deposition testimony warranted an instruction informing the jury that it could use the contradictory statements to question the reliability of J.S.'s testimony. Davis argues his trial counsel should have requested Iowa Criminal Jury Instructions 200.42 and 200.43.

"An impeachment instruction regarding prior inconsistent statements is warranted if a witness has made such statements prior to trial." *State v. Hardin*, 569 N.W.2d 517, 521 (Iowa Ct. App. 1997). "If testimony elicited on cross-examination is 'at variance with the plain inference in prior statements' made outside the presence of the jury, then the impeachment instruction must be given; the statements must 'materially' vary." *Id.* (quoting *State v. Cuevas*, 282 N.W.2d 74, 81–82 (Iowa 1979)). "In assessing whether the inconsistency is material or not in the criminal context, we believe it is important to review whether the inconsistency had any bearing on the actual elements of the crime alleged." *State v. McAlister*, No. 05-0204, 2006 WL 1896216, at *7 (Iowa Ct. App. July 12, 2006).

The court gave this instruction to the jury:

> Decide the facts from the evidence. Consider the evidence using your observations, common sense and experience. Try to reconcile any conflicts in the evidence; but if you cannot, accept the evidence you find more believable.
> In determining the facts, you may have to decide what testimony you believe. You may believe all, part or none of any witness's testimony.
> There are many factors which you may consider in deciding what testimony to believe, for example:
> 1. Whether the testimony is reasonable and consistent with other evidence you believe.
> 2. Whether a witness has made inconsistent statements.
> 3. The witness's appearance, conduct, age, intelligence, memory and knowledge of the facts.
> 4. The witness's interest in the trial, their motive, candor, bias and prejudice.

Defense counsel made the alleged inconsistencies and unreliability of J.S.'s testimony the main component of his closing argument. The jury had what it needed to assess J.S.'s credibility. Instruction 6 "fairly defined the jury's task, and conveyed the need for the testimony to be scrutinized." *State v. Holtz*, 548 N.W.2d 162, 164 (Iowa Ct. App. 1996). We conclude that even if the court had given the jury the inconsistent-statements instructions there was no reasonable probability of acquittal. Davis is unable to establish the requisite prejudice for a new trial. *See McAlister*, 2006 WL 1896216, at *7. Davis's claim of ineffective assistance fails.

## III.     Conclusion

We find no violation of Davis's right to a speedy trial and Davis was not prejudiced by counsel's failure to request a specific instruction on inconsistent statements. We therefore deny both of Davis's claims of ineffective assistance of counsel and affirm his conviction.

**AFFIRMED.**