THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BERNARD MACK, Defendant-Appellant.

(No. 58099;

First District (4th Division)—January 23, 1974.

James J. Doherty, Public Defender, of Chicago (John M. Kalnins and Harold A. Cowen, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Sol Rajfer, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a judgment entered by the Circuit Court of Cook County. The defendant, Bernard Mack, was found guilty of unlawful use of weapons and possession of a controlled substance. He was sentenced to concurrent terms of from four to ten years for the weapons charge, and from four to eight years for the possession charge.

The issues presented on appeal are (1) whether the court erred in denying the defendant's motion for a fourth term discharge; (2) whether the trial judge's ruling on the motion to suppress evidence was based upon the evidence heard; (3) whether the defendant was denied a fair trial by the conduct of the trial judge and the prosecutor; and (4) whether the defendant's sentences were excessive.

The defendant, Bernard Mack, was arrested on November 9, 1971. On January 20, 1972, he was indicted for possession of a controlled substance (heroin) and unlawful use of weapons. On March 13, 1972, the defendant moved the court for a fourth term discharge, which was denied. Thereafter, on the same date, the defendant filed a motion to suppress evidence. On March 14, 1972, a hearing was held on the motion to suppress. At the hearing, the police testified to approaching 675 North Clark Street, Chicago, Illinois, about 6:00 P.M. on November 9, 1971, during a routine premises check. Police officer James Leydon saw the defendant and another male standing in the doorway of 675 North Clark. Upon seeing the police, the defendant dropped or threw a manila colored small envelope to the ground and then turned around and walked into the store. The envelope was obtained by the police, opened, and found to contain twenty-three tin foil wrapped packets, one of which was opened and found to hold a white powder, which the officer believed to be heroin. The police then went inside the premises, placed the defendant under arrest, searched him and found a .22-caliber revolver on his person. The defendant testified at the hearing that he had been inside the premises and the police found nothing on his person during their search. At the close of the hearing, the trial judge denied the defendant's motion to suppress evidence.

At the trial on March 14, 1972, the testimony was substantially the same as at the suppression hearing. A jury found the defendant guilty of unlawful use of weapons and possession of a controlled substance.

The defendant first contends the court erred in denying his motion for a fourth term discharge. The defendant bases his contention on Ill. Rev. Stat. 1973, ch. 38, § 103—5(a) and (d), which provides, in pertinent part, as follows:

> "(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant * * *.
>
> (d) Every person not tried in accordance with subsections (a), (b) and (c) of this Section shall be discharged from custody or released from the obligations of his bail or recognizance."

The defendant argues that the only motion made by him before the fourth term ran was a motion for discovery, and such motion did not cause or contribute to any delay in the instant proceedings.

■■ We believe the court properly denied the defendant's motion for a fourth term discharge. The record indicates the defendant was arrested on November 9, 1971. On November 30, 1971, a preliminary hearing was held. After a finding of "probable cause," the court inquired if the defendant and his counsel wished to plea bargain in the lower court to have the case sent to the Grand Jury. Defendant's counsel replied, "We'll hear the offer, we'll take a week and hear the offer, please." The trial judge then explained to the defendant that in his opinion that was a "motion-defendant" continuance, and the case was continued until December 9, 1971. Neither party disputed the court's ruling. In *People v. Rice* (1969), 109 Ill.App.2d 212, the appellate court held:

> "The criterion or test established by the Supreme Court [as to delay occasioned by the defendant] is whether the act of the defendant in fact contributed to cause the delay, or created the necessity for the postponement of the trial."

In the instant case, the defendant requested time to consider an offer. The defendant thereby caused the delay in the proceedings and cannot now argue he was improperly denied a Fourth Term discharge.

The defendant's second contention is that the trial judge based his denial of defendant's motion to suppress evidence on matters not in the record. At the close of the testimony on the motion to suppress, the defendant's counsel argued the motion should be granted because it was inherently incredible that the defendant would throw down a package of heroin in front of two uniformed police officers. The trial judge then commented:

> "I disagree with you completely. If it were any other street, I would agree with you; but this one street I am familiar with. I worked many days down on that street in Traffic Court, * * *

and I have seen this with my own eyes &ast; &ast; &ast;. And this does not really seem that far out as far as I am concerned."

The defendant argues that the trial judge based his denial of the motion to suppress evidence on his own private knowledge and observations. The defendant relies on the decision in *People v. Wallenberg* (1962), 24 Ill.2d 350, where the Illinois Supreme Court stated:

"This court has held that the deliberations of the trial judge are limited to the record made before him during the course of the trial. A determination made by the trial judge based upon a private investigation by the court or based upon private knowledge of the court, untested by cross examination, or any of the rules of evidence constitutes a denial of due process of law."

■■ The defendant's contention is not well taken. *People v. Wallenberg* is distinguished from the case at bar. In *Wallenberg* the trial judge used evidence of his own knowledge as the reason he did not believe the defendant. In *Wallenberg* the judge supplied specific missing facts from his own knowledge. In the instant case, the facts were clearly set out, and the trial judge ruled on them. Here, the judge simply answered a defense argument. The trial court is not immune from knowledge of the nature of an area in the city. (*People v. Biocic* (1967), 80 Ill.App.2d 65.) In *Faltysek v. Klocpfer* (1971), 3 Ill.App.3d 8, where the trial judge had stated, "I'm depending somewhat on my personal knowledge of the taxi business &ast; &ast; &ast;," the appellate court found no error and said:

"Mere expression of opinion by a judge concerning a case before him &ast; &ast; &ast; in the absence of evidence which tends to establish the fact, is not ground for concluding that he is prejudiced against a party before him. &ast; &ast; &ast; Not every comment or unguarded expression of a trial judge will support a claim of bias or prejudice."

We conclude the trial judge's ruling on the motion to suppress evidence was based upon the evidence heard.

The third contention of the defendant is he was denied a fair trial when the trial judge allowed collateral impeachment of one of the defendant's witnesses and prejudicial comments by the prosecutor. The defendant relies on the decision in *People v. Sisti* (1967), 87 Ill.App.2d 107, wherein the appellate court held it is improper to cross-examine a witness upon collateral matters for purposes of impeachment.

■■ The defendant's contention is without merit. On direct examination defendant's counsel elicited from a defense witness that the witness had a pending charge against him for unlawful use of weapons and had been previously convicted of armed robbery. The prosecutor on cross-examina-

tion merely inquired further into an area already opened on direct examination. Once a subject is opened on direct examination, the other litigant has the right to explore the opened area. (*People ex rel. Walker v. Pate* (1973), 53 Ill.2d 485.) The defendant in the instant case received a fair trial.

The defendant's final contention is the concurrent sentences of four to ten years for unlawful use of weapons and four to eight years for possession of a controlled substance should be reduced in accordance with the sentencing provisions of the Illinois Unified Code of Corrections.

We agree with the defendant's contention. Under the classification of offenses under the Unified Code of Corrections unlawful use of weapons and possession of a controlled substance are Class 3 felonies. (Ill. Rev. Stat. 1973, ch. 38, § 24—1(a) (4); Ill. Rev. Stat. 1973, ch. 56½, § 1402 (b).) Section 5—8—1(c)(4) of the Code provides that the minimum sentence for Class 3 felonies "shall not be greater than one-third of the maximum term set in that case by the court." (Ill. Rev. Stat. 1973, ch. 38, § 1005—8—1(c)(4).) Section 8—2—4 of the Code further provides:

"* * * If the offense being prosecuted has not reached the sentencing stage or a final adjudication, then for purposes of sentencing the sentences under this Act apply if they are less than under the prior law upon which the prosecution was commenced." Ill. Rev. Stat. 1973, ch. 38, § 1008—2—4.

In the instant case, no final adjudication has been reached. (*People v. Bailey* (1971), 1 Ill.App.3d 161.) It is appropriate, therefore, that the sentences be modified in accordance with the provisions of the Illinois Unified Code of Corrections. Accordingly, the defendant's sentence for unlawful use of weapons is modified with a maximum term of ten years and a minimum term of three years and four months, and the sentence for possession of a controlled substance is modified with a maximum term of eight years and a minimum term of two years and eight months.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is affirmed in part and modified in part.

Affirmed in part and modified in part.

ADESKO, P. J., and JOHNSON, J., concur.