224 N.W.2d 252 (1974)
STATE of Iowa, Appellee,
v.
Larry Lee LaMAR, Appellant.
No. 57098.
Supreme Court of Iowa.
December 18, 1974.
Robert A. Wynn, Des Moines, for appellant.
Richard C. Turner, Atty. Gen., Nancy J. Shimanek, Asst. Atty. Gen., and Ray A. Fenton, County Atty., for appellee.
Submitted to MOORE, C. J., and LeGRAND, REES, HARRIS and McCORMICK, JJ.
MOORE, Chief Justice.
Defendant appeals from conviction and sentence for the crime of robbery. His sole assigned error is that he was not tried within the sixty-day period mandated by Code section 795.2. As pertinent here, it provides: "If a defendant indicted for a public offense, whose trial has not been *253 postponed upon his application, be not brought to trial within sixty days after the indictment is found, the court must order it to be dismissed, unless good cause to the contrary be shown. * * *."
On November 1, 1973 defendant, Larry Lee LaMar, with his counsel, entered a plea of not guilty to the charge of robbery with aggravation. Judge Missildine at that time set trial for December 5, 1973. It later came to the court's attention a judicial conference had been called by this court for December 5, 6 and 7, 1973. Its purpose was for continued judicial education. Each member of the judiciary was directed to attend. Therefore the trial date was changed to December 12.
Trial was not held on December 12. On January 10, 1974 defendant's counsel filed a motion to dismiss pursuant to Code section 795.2. An evidentiary hearing thereon was held before Judge Critelli on January 11. On January 18, he filed detailed findings and conclusions and an order overruling defendant's motion. The court found the State had proved good cause based primarily on plea bargaining.
On January 22, 1974 the trial jury returned a verdict of guilty of the lesser included offense of robbery. Subsequently he was sentenced to serve a term not to exceed ten years in the men's reformatory.
The hearing on defendant's motion to dismiss included the testimony of defendant, Nicholas Krpan, one of defendant's defense counsel and Vincent Hanrahan, first assistant Polk County Attorney. It is undisputed plea bargaining started during the latter part of November and continued until some time after December 14. Hanrahan had suggested a plea of guilty to the crime charged with the statutory sentence of not to exceed twenty-five years. Further, he offered not to prosecute defendant on a pending burglary charge. Defense counsel reported the suggestion to defendant for his consideration. Defendant during several conferences with counsel expressed the view he should be permitted to plead guilty to robbery and thus receive a ten-year sentence. Hanrahan testified that based on his conferences with defense counsel he believed defendant would plead guilty. He believed so to the extent an order was drawn for the plea and twenty-five year indeterminate sentence.
Cross-examination of Hanrahan by defense counsel Owens included:
"Q. Now, Mr. Hanrahan, do you think that you, as a county attorney, can waive the rights of the defendant?
"A. I know very well I cannot waive the defendant's rights, Mr. Owens.
"Q. You admit that this case was set for trial, then, some time  the first two weeks of December some time.
"A. Yes, sir; and it would have been tried on that date had I not been led by you to believe there would be a plea of guilty.
"Q. Who was it assigned to?
"A. The case was assigned to no one because there was to be a plea of guilty. Otherwise it would have been assigned.
"Q. Then you are saying I waived the rights of the defendant.
"A. I am saying you told me there would be a plea of guilty in this case, Mr. Owens.
"Q. Well, isn't it the State's duty, Mr. Hanrahan, to bring people to trial within 60 days?
"A. Yes, sir.
"Q. Did you do this with Larry LaMar?
"A. No, we didn't, because you told me there would be a plea of guilty.
"Q. But subsequent to December 4th didn't I tell you there would not be a plea of guilty?
"A. Yes, sir; probably the week of December 17.
"Q. That is
"A. It was after Mr. Brewton was arraigned. He was arraigned on Friday, the 14th.

*254 "Q. How many conversations have you had with me concerning LaMar?
"A. Three or four.
"Q. Isn't it a fact, Mr. Hanrahan, that on the second one I kind of indicated there probably wouldn't be a guilty plea; we would still talk to him?
"A. No, sir. I think in all three or four conversations with you you indicated there would be a plea of guilty.
"Q. Mr. Hanrahan, on Larry Lee LaMar?
"A. Yes, sir; on Larry LaMar and this case."
Mr. Hanrahan also testified that when he learned a guilty plea would not be entered, the trial assignment was full and he had defendant's case assigned for trial on the first available date, January 21, 1974.
Judge Critelli's January 18 findings and conclusions included: "The court is of the opinion that the plaintiff, State of Iowa, has presented good and sufficient cause for the delay in the trial of this matter, and for those reasons the defendant's Motion to Dismiss should be overruled."
I. Our review here is not de novo. To be entitled to reversal, defendant must show trial court abused its discretion in finding good cause existed for delay of trial. State v. Nelson, Iowa, 222 N.W.2d 445, filed October 16, 1974.
In Maher v. Brown, 225 Iowa 341, 343, 344, 280 N.W. 553, 554, we quote from Davison v. Garfield, 219 Iowa 1258, 1262, 257 N.W. 432, 434:
"`The question is whether, on the question of dismissing the indictment, "good cause to the contrary" has been shown, and sufficient reason for delay in trial has been established. The determination of the problem rests largely in the discretion of the trial court. Each case must stand on its own facts.'"
II. It is the general rule that a client is bound by the acts of his attorney within the scope of the latter's authority. 7 C.J.S. Attorney and Client, § 67.
"A defendant's rights under a constitutional provision guaranteeing speedy trial, or under statutes implementing that guaranty, are not violated by a delay caused by his own condition or conduct. * * *. An accused cannot take advantage of a delay for which he was responsible whether caused by action or inaction on his part. * * *," 21 Am.Jur.2d, section 252, page 288.
III. Negotiations between the prosecution, defense counsel and defendant toward obtaining a guilty plea may constitute good cause for delaying trial of defendants. People v. Mack, 17 Ill.App.3d 352, 307 N.E.2d 646 (1974); State ex rel. Gutierrez v. Baker, Fla., 276 So.2d 470 (1973).
IV. Returning to the record it must be noted defendant raised no objection to the fact he was not brought to trial on December 12, his scheduled trial date. A failure to demand speedy trial does not alone toll the running of the time period set in section 795.2. However, it is a factor to be considered with the other facts relating to whether there was good cause for delay. State v. Nelson, Iowa, 222 N.W.2d 445, 446, 447; State v. Gorham, Iowa, 206 N.W.2d 908, 912.
Considering the factual situation here involved we find no abuse of discretion by the trial court in overruling defendant's motion to dismiss. We hold defendant's assigned error is untenable. Therefore the judgment of the trial court must be affirmed.
Affirmed.