# IN THE COURT OF APPEALS OF IOWA

No. 15-0111
Filed October 28, 2015

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**SLOAN DANIEL JANSSEN,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Warren County, Kevin A. Parker, District Associate Judge.


     The defendant appeals his conviction and sentence for possession of marijuana. **CONVICTION AND SENTENCE VACATED AND REMANDED.**


     Thomas P. Graves of Graves Law Firm, P.C., Clive, for appellant.

     Thomas J. Miller, Attorney General, Kevin Cmelik and Kelli Huser, Assistant Attorneys General, John Criswell, County Attorney, and R. Alexander Crabb, Assistant County Attorney, for appellee.


     Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**MCDONALD, Judge.**

The defendant Sloan Janssen was convicted of possession of marijuana, first offense, in violation of Iowa Code section 124.401(5) (2013), and sentenced to two days' incarceration in the Warren County Jail. On appeal, he contends the district court abused its discretion in denying his motion to dismiss the charge against him for failure to timely bring him to trial. He also challenges the sufficiency of the evidence.

The record reflects the State charged the defendant by trial information filed on April 28, 2014, with possession of marijuana, first offense. On May 29, Janssen filed his written arraignment and plea of not guilty. On July 15, the court entered an order setting a pretrial conference date of July 22 and setting trial for August 21. The speedy-trial deadline was July 28, 2014. The prosecutor and defense counsel had some plea discussions on or near the day of the scheduled pretrial conference. Subsequently, the prosecutor requested the district court enter an order setting a plea and sentencing hearing for August 5, which the district court did. Trial remained set for August 21. The defendant did not file a waiver of his right to speedy trial.

The defendant filed his motion to dismiss the charge against him on July 30, 2014. At the hearing on the motion, the prosecutor made a professional statement regarding the motion. The prosecutor stated he was not involved in the case until July 14 and was unaware the established trial date was beyond the speedy-trial period, "I did not notice at that time that the trial date fell beyond the

speedy trial deadline. I didn't catch it, and I'm not going to hide from that fact."

Later in the hearing, he continued:

> I said earlier that I wasn't going to run from the fact that the July 15 order set the trial outside of the speedy trial deadline. And I won't do that: I didn't catch it in time, and I don't know if I would have caught it, Your Honor, if we had not agreed to resolve the case on July 22, and we had confirmed the case for trial for August 21, I can't say with certainty that I would have caught it in time.

The district court denied the motion to dismiss. The district court concluded the defendant was not present during the pretrial conference when a potential plea and sentencing hearing was set for August 5 and, thus, the "cause for the delay is attributable to the defendant." The matter was tried to the district court on the minutes on November 5, 2014. The district court found the defendant guilty and subsequently entered a judgment and sentence.

We review the district court's ruling on a motion to dismiss for a speedy-trial violation for abuse of discretion. *State v. Winters*, 690 N.W.2d 903, 907 (Iowa 2005). The district court's discretion is narrow when a speedy-trial violation is at issue. *See id.* "The discretion to avoid dismissal in a criminal case is limited to the exceptional circumstance where the State carries its burden of showing good cause for the delay. This is the circumscribed discretion in review on appeal." *Id.* at 907-08 (citations omitted) (internal quotation marks omitted).

Iowa Rule of Criminal Procedure 2.33(2)(b) provides "the defendant must be brought to trial within ninety days after indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary be shown." "Under this rule, a criminal charge must be dismissed if the trial does not commence within ninety days from the filing of the charging instrument

unless the State proves (1) defendant's waiver of speedy trial, (2) delay attributable to the defendant, or (3) 'good cause' for the delay." *Winters*, 690 N.W.2d at 908 (citations omitted) (internal quotation marks omitted). Good cause focuses on the reason for the delay. *See State v. Nelson*, 600 N.W.2d 598, 601 (Iowa 1999). "Surrounding circumstances bear on the inquiry only to the extent they relate directly to the sufficiency of the reason itself." *Id.* "'If the reason for the delay is sufficient the other factors are not needed. If the reason for the delay is insufficient the other factors will not avail to avoid dismissal.'" *Id.* (citation omitted). The State bears the burden of establishing dismissal is not proper. *See Winters*, 690 N.W.2d at 907-08.

The State argues the delay here was attributable to the defendant because the parties reached a plea agreement and agreed to set the date for plea and sentencing beyond the ninety-day speedy-trial date. *See State v. LeFlore*, 308 N.W.2d 39, 41 (Iowa 1981) (holding defense counsel may waive the defendant's right to speedy trial); *State v. Weber*, No. 12-0621, 2013 WL 988924, at *3 (Iowa Ct. App. Mar. 13, 2013) (holding agreements to continue case for guilty plea proceedings constituted delay attributable to the defendant); *State v. Warmuth*, 532 N.W.2d 163, 166 (Iowa Ct. App. 1995) ("Once a defendant indicates the choice to forego trial by . . . advising the State that a plea of guilty is forthcoming, the case is removed from the trial calendar and the State discontinues trial preparations."). The record belies the State's claim a plea agreement was reached and the delay should be attributable to the defendant. The defendant did not waive his right to speedy trial. The defendant was not

present during the plea discussion. On July 23, 2014, the prosecutor sent defense counsel an email stating: "I put together a *proposed* Written Plea of Guilty and Judgment Order/Record entry for Janssen. Take a look and let me know what you think. If it looks good, maybe we can do this on paper and save you a trip down here." (Emphasis added.) Janssen's counsel represented to the court that he had not yet met with his client at the time of plea negotiation and had no authority to enter into any plea agreement. The email and Janssen's counsel's statement establish only that the State had made a plea offer that the defendant's counsel had not yet presented to his client. Further, this is not a case in which the parties were aware of the speedy-trial deadline and implicitly agreed to continue the proceedings beyond the deadline. As the prosecutor stated, he simply was unaware of the deadline. Under these circumstances, we conclude the State did not meet its burden of establishing delay attributable to the defendant.

The State also argues, in the alternative, if there was no plea agreement, then there was good cause to extend the speedy-trial deadline. The State relies on *State v. Lamar*, 224 N.W.2d 252 (Iowa 1974), for the proposition that ongoing plea negotiations between the parties may constitute good cause for delay. *Lamar* is distinguishable. In *Lamar*, defense counsel represented to the prosecutor the parties had reached a plea agreement and the prosecutor believed trial would not be necessary. *Id.* at 253-54. Here, there was no evidence of any such representation. *Cf. State v. Higgins*, No. 01-1285, 2002

WL 31016491, at *1-2 (Iowa Ct. App. Sept. 11, 2002) (holding the State established good cause where the defendant communicated intent to accept plea agreement). Instead, the parties had only a preliminary discussion regarding a plea offer not yet communicated to the defendant. Further, Janssen's counsel told the prosecutor he had not yet spoken with his client. Unlike *Lamar*, the State did not rely on any representation made by the defendant or his counsel. Under these circumstances, the prosecutor should have insisted the defendant sign a waiver of his speedy-trial right or should have ensured the defendant's right to speedy trial was honored. He did not do so because, as he stated during the hearing on the motion to dismiss, he did not notice the speedy-trial violation because of his late involvement in the case. This is simply a case of inadvertent error. The risk of error is borne by the State; the defendant has no duty to bring himself to trial. *See Nelson*, 600 N.W.2d at 602.

We conclude the State failed to meet its burden in establishing the delay in bringing the defendant to trial was attributable to the defendant or the delay was for good cause. "And, because every rule of limitation sets an arbitrary date beyond which 'certain actions cannot be brought or certain rights cannot be enforced,' a procedural deadline cannot be escaped merely by showing it has been violated 'only a little bit.'" *State v. Miller*, 637 N.W.2d 201, 205 (Iowa 2001) (quoting *State v. Goff*, 244 N.W.2d 579, 582 (Iowa 1976)). We conclude the district court thus abused its discretion in denying the defendant's motion to

dismiss.  Because we reverse on the motion to dismiss, we need not address the sufficiency of the evidence.  We vacate the defendant's conviction and sentence and remand this matter for entry of dismissal with prejudice of the charge.

**CONVICTION AND SENTENCE VACATED AND REMANDED.**