# IN THE COURT OF APPEALS OF IOWA

No. 20-0473
Filed November 4, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ARMAND ISAVIA ANTHONY ROLLINS,**
    Defendant-Appellant.
_____


Appeal from the Iowa District Court for Black Hawk County, Joel A. Dalrymple, Judge.


Armand Rollins appeals the district court's denial of his motion to dismiss. **AFFIRMED.**


Patrick W. O'Bryan, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.


Considered by Bower, C.J., and May and Ahlers, JJ.

**MAY, Judge.**

On November 4, 2019, the State charged Armand Rollins with escape. On February 3, 2020, Rollins moved to dismiss based on the ninety-day speedy trial rule. *See* Iowa R. Crim. P. 2.33(2)(b). The district court denied the motion. After a trial on the minutes, the court found Rollins guilty. On appeal, Rollins argues the court abused its discretion by failing to grant his motion to dismiss.[1] We affirm.

**I. Background**

On November 4, 2019, Rollins was arrested on outstanding warrants. The same day, the State filed, and the court approved, a trial information charging Rollins with one count of escape. Also on November 4, the court entered an order scheduling Rollins's "arraignment and plea" for November 14. And the court appointed counsel.

The court arraigned Rollins around 10:00 a.m. on November 14. The proceeding was not reported. The court entered no order following the arraignment.

Later that day, counsel and Rollins asked the court to take an unscheduled ("off-schedule") guilty plea. Beginning at 11:27 a.m., the court made the following record:

> THE COURT: This is the State of Iowa v. Armand Rollins, FECR214618. Defendant appeared this morning for an arraignment. During arraignment he discussed with his counsel entering a plea of

---

[1] In the alternative, Rollins argues counsel was ineffective. But in 2019, the Iowa legislature amended Iowa Code section 814.7 (2019) to preclude ineffective-assistance claims on direct appeal. Our supreme court has held that these amendments apply to defendants who were sentenced on or after July 1, 2019. *State v. Macke*, 933 N.W.2d 226, 233 (Iowa 2019). Rollins was convicted and sentenced in February 2020. So section 814.7 precludes consideration of Rollins's ineffective-assistance claim.

guilty in this matter, also possibly admitting to violations of probation. I agreed to do a plea today. Upon further review of this file and other files, including the probation matters, I identified that the defendant was facing twenty years on the probation revocation matters consecutive to the five years on an escape, so he would, if we proceeded today, be sentenced to serve twenty-five years. It is clear that the defendant—I don't want to proceed with undue haste here. I want the defendant to take some time to discuss this with his counsel, see what—so he fully understands exactly what he's facing and what other options he may have before simply accepting the twenty-five-year prison term. Do you understand that, Mr. Rollins?

THE DEFENDANT: Yes, sir.

THE COURT: I'm not trying to hold you here in jail any longer, but I want you to take some time and fully understand exactly what you're looking at and what your options are before you simply accept that sentence; okay? Is that okay?

THE DEFENDANT: Yes, sir.

THE COURT: All right. And that's what we're going to do. All right.

The court entered no order following the unscheduled plea hearing.[2]

On January 28, 2020, the court entered an order scheduling a plea hearing for February 3. Rollins and counsel appeared for the February 3 hearing.

The transcript from February 3 reads like a fairly-typical guilty plea hearing. With the assistance of counsel, the court and Rollins (1) placed the plea agreement on the record; (2) confirmed Rollins's interest in immediate sentencing; (3) confirmed Rollins's education, fluency with English, sobriety, physical and mental health, citizenship, and probation and parole status; (4) discussed the possible punishments Rollins faced; (5) discussed the nature of the escape charge; (6) discussed the many trial rights Rollins waived by pleading guilty; and (7) confirmed the factual basis for Rollins's plea to the escape charge.

---

[2] Because the unscheduled plea hearing was reported, the court reporter properly filed a memorandum and certificate in compliance with Iowa Rule of Civil Procedure 1.903(3).

Then, in an apparent effort to bring the plea hearing to a conclusion, the court asked these questions:

> THE COURT: Do you have any questions about the constitutional rights or the trial rights that I just discussed with you?
> THE DEFENDANT: No, sir.
> THE COURT: All right. Now, [defense counsel] here has been appointed to represent you in this matter. Have you had enough time to talk with her about your case?
> THE DEFENDANT: Yes, sir.
> THE COURT: Are you satisfied with the representation she has provided for you?
> THE DEFENDANT: Yes, sir.
> THE COURT: Do you need any additional time or have any additional questions of her *before I take your plea?*
> THE DEFENDANT: *No, sir.*

(Emphasis added.)

Before the court could accept the plea, though, defense counsel asked for an opportunity to speak with Rollins. The court granted counsel's request. After a conference with Rollins, counsel made this record:

> DEFENSE COUNSEL: Your Honor, I was just doing some quick math here and it appears that this is the ninety-first day. This is a strange case that was never—We came for arraignment, we were going to do a plea that day, [the court] did not want to do it. I thought we were within the ninety when it got set for today. Just doing some quick math, this is the ninety-first day and I feel I would be neglecting my obligation as his attorney to represent him if I didn't bring that to the court's attention. I spoke with him and I believe that we may be filing a motion to dismiss instead.
> THE COURT: Okay. So we'll stop the plea. Shall we do his arraignment?
> PROSECUTOR: No, because, see, my notes back from [the court] was I believe he was arraigned because this is an email that the court reporter had gotten—the court reporter emailed him the next day. I believe he was arraigned and it was stated at that point in time that he wanted to plead guilty. So that's why we're here today. That's why it was not set on the trial docket, so.
> THE COURT: Okay.
> PROSECUTOR: He was arraigned. But I don't—I don't know. [The court] never did an order, that was the problem.

DEFENSE COUNSEL: I was at his arraignment because he did want to plead guilty at the time of the arraignment, but [the court] told him he would not do the plea that day so then [the court] arraigned him instead so we didn't—we didn't do a plea and at that point we just left it for—We did the arraignment and if I wanted to bring him in for a plea, I could try to arrange that, was my recollection. But we tried to do a plea that day with [the court] and [the court] didn't want to do the plea that day just because of the—him facing the twenty years with the additional five, [the court] thought it was too quick for him to make that decision and [the court] didn't want to do it that day. So he was arraigned but [the court] never did an order.

THE COURT: And he still had his right to a speedy trial.

DEFENSE COUNSEL: Correct.

PROSECUTOR: And [the court] was supposed to do an order and [the court] was supposed to be setting it for further proceedings and it didn't get set.

THE COURT: So what do you want me to set this for?

PROSECUTOR: I'd set it for trial tomorrow.

DEFENSE COUNSEL: That's fine.

Later that day, Rollins filed a motion to dismiss and a waiver of jury trial. The court entered orders scheduling a hearing on Rollins's motion and a non-jury trial, both for the next day, February 4.

On February 4, the court heard arguments on Rollins's motion. The court concluded that Rollins's expressed plan to plead guilty constituted "good cause" and excused the State from bringing defendant to trial within ninety days after indictment. *See* Iowa R. Crim. P. 2.33(2)(b). So the court denied Rollins's motion. Then the court conducted a trial on the minutes of testimony.

On February 5, the court entered an order finding Rollins guilty of escape, a class "D" felony under Iowa Code section 719.4(1) (2019). On February 20, the court sentenced Rollins. This appeal followed.

**II. Standard of Review**

"We review a district court's application of the procedural rules governing speedy trial for correction of errors at law." *State v. McNeal*, 897 N.W.2d 697, 703

(Iowa 2017). "The district court's findings of fact are binding upon us if supported by substantial evidence." *Id.* "We review a district court's determination whether the State carried its burden to show good cause for the delay for abuse of discretion." *Id.* "Nevertheless, a district court only has 'circumscribed' discretion to hold a trial beyond the ninety-day deadline." *Id.* (citation omitted).

### III. Analysis

Rollins contends the district court abused its discretion by refusing to dismiss the escape charge pursuant to Iowa Rule of Criminal Procedure 2.33(2)(b). We disagree.

Rule 2.33(2)(b) provides:

If a defendant indicted for a public offense has not waived the defendant's right to a speedy trial the defendant must be brought to trial within 90 days after indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary be shown.

"Iowa court rules have the force and effect of laws, and therefore 'we interpret rules in the same manner we interpret statutes.'" *State v. Mootz*, 808 N.W.2d 207, 221 (Iowa 2012) (citation omitted). So we find the meaning of rules in their words. *See Doe v. State*, 943 N.W.2d 608, 610 (Iowa 2020) (noting "in questions of statutory interpretation, '[w]e do not inquire what the legislature meant; we ask only what the statute means'" and "[t]his is necessarily a textual inquiry as only the text of a piece of legislation is enacted into law" (citation omitted)).

Rule 2.33(2)(b) says "the court must order the indictment to be dismissed" unless the State brings "the defendant . . . to trial within 90 days after indictment is found." But rule 2.33(2)(b) also contains two exceptions. Dismissal is not required

if (1) the defendant has "waived the defendant's right to a speedy trial" or (2) the State shows "good cause."[3]  *See* Iowa R. Crim. P. 2.33(2)(b).

The trial information against Rollins was filed and approved on November 4, 2019.  So, for purposes of rule 2.33(2)(b), we treat November 4 as the date the "indictment" was "found."  Iowa R. Crim. P. 2.5(1) ("All indictable offenses may be prosecuted by a trial information."); Iowa R. Crim. P. 2.5(5) ("The term 'indictment' embraces the trial information, and all provisions of law applying to prosecutions on indictments apply also to informations, except where otherwise provided for by statute or in these rules, or when the context requires otherwise."); *see, e.g., State v. Johnson*, No. 18-1874, 2020 WL 1548474, at *1 (Iowa Ct. App. Apr. 1, 2020) ("The rule applies to charges brought by trial information as the term 'indictment' embraces the trial information and the term 'found' means approved by the court and filed.").

The ninetieth day after November 4 was February 2.  But February 2 was a Sunday.  So, by operation of Iowa Code section 4.1(34), the time available to bring Rollins to trial was extended through Monday, February 3.  *See* Iowa Code § 4.1(34) ("In computing time, the first day shall be excluded and the last included, unless the last falls on Sunday, in which case the time prescribed shall be extended so as to include the whole of the following Monday."); *see also Johnson*, 2020 WL

---

[3] Cases also describe "delay attributable to the defendant" as a third exception. *State v. Taylor*, 881 N.W.2d 72, 76 (Iowa 2016) ("We have held that under the rule, a criminal charge must be dismissed if trial is not commenced within ninety days of the charging instrument 'unless the State proves (1) defendant's waiver of speedy trial, (2) delay attributable to the defendant, or (3) "good cause" for the delay.'").

1548474, at *2 n.2 (applying section 4.1(34) to calculate the speedy-trial deadline under rule 2.33(2)(b)).

As explained, though, the State did not bring Rollins to trial by February 3. So the question now is whether one of rule 2.33(2)(b)'s exceptions can apply because (1) Rollins "waived the defendant's right to a speedy trial" or (2) the State has shown "good cause" for the delay. In its brief, the State focuses on "good cause." We follow that lead.

Like most words and phrases, "good cause" can mean different things in different contexts. *See, e.g.*, Henry S. Noyes, *Good Cause Is Bad Medicine for the New E-Discovery Rules*, 21 Harv. J.L. & Tech. 49, 73–75 (2007) (discussing the "numerous good cause standards" in the Federal Rules of Civil Procedure). In the context of rule 2.33(2)(b), our courts have "made it clear that good cause 'focuses on only one factor: the reason for the delay.'" *McNeal*, 897 N.W.2d at 704 (citation omitted). "Yet because any 'delay cannot be evaluated entirely in a vacuum,' we also consider surrounding circumstances such as the length of the delay, whether the defendant asserted [their] right to a speedy trial, and whether prejudice resulted from the delay." *Id.* (citation omitted).

> Hence, as [our supreme court has] explained, these surrounding circumstances essentially operate on a sliding scale:
>> The shortness of the period, the failure of the defendant to demand a speedy trial, and the absence of prejudice are legitimate considerations only insofar as they affect the strength of the reason for delay. This means that, to whatever extent the delay has been a short one, or the defendant has not demanded a speedy trial, or is not prejudiced, a weaker reason will constitute good cause. On the other hand, if the delay has been a long one, or if the defendant has demanded a speedy trial, or is prejudiced, a stronger reason is necessary to constitute good cause.

*Id.* (quoting *State v. Miller*, 637 N.W.2d 201, 205 (Iowa 2001)).

In this case, the "surrounding circumstances" generally favor the State and, therefore, require only a "weaker reason" to "constitute good cause." *See id.* Rollins was tried only one day late. We struggle to imagine a shorter delay. Nor is there reason to think Rollins was prejudiced by the one-day delay. *See id.* (noting "most, if not all, cases justifying reversal based on speedy-trial violations involve delays numbering weeks or months, not days" (citation omitted)).

The record is less clear as to whether Rollins demanded a speedy trial. At the hearing on Rollins's motion to dismiss, his counsel told the court she had demanded speedy trial at the arraignment. But we find no independent record of a demand. And the State told the court "[t]here was no demand because [the defense was] indicating at arraignment that [Rollins] wanted to plead guilty."

In any event, we believe the "strength" of the State's "reason for delay" is substantial. *See id.* Our courts have found that a defendant's expressed interest in pleading guilty can constitute good cause for the State to "discontinue[ ] trial preparations." *Johnson*, 2020 WL 1548474, at *3 (citation omitted) (recognizing there is little need for the parties to prepare for trial when the defendant suggests they intend to plead guilty); *see State v. LaMar*, 224 N.W.2d 252, 254 (Iowa 1974) ("Negotiations between the prosecution, defense counsel and defendant toward obtaining a guilty plea may constitute good cause for delaying trial of defendants."); *see also McNeal*, 897 N.W.2d at 707 (describing *LaMar* as "a case in which we found plea negotiations to constitute good cause for a trial delay past the speedy trial deadline").

In his brief, though, Rollins claims "[t]he State's assumption" that he "was pleading guilty was unreasonable." And yet it is undisputed that (1) at arraignment, Rollins asked to plead guilty; (2) the State left the arraignment with the understanding Rollins was going to plead guilty;[4] (3) later the same morning, Rollins again tried to plead guilty; (4) the State left that second hearing with the understanding Rollins was going to plead guilty; and (5) on February 3, Rollins all but completed a thorough guilty plea colloquy. So we think the State had every reason to expect Rollins would plead guilty. And we think the State was not obligated to push Rollins toward a trial that was apparently unnecessary—because Rollins's expected guilty plea would eliminate the need for any trial. *See State v. McGee*, 211 N.W.2d 267, 268 (Iowa 1973) ("A guilty plea voluntarily and intelligently made by a defendant [constitutes] an admission of guilt and when accepted by the court constitutes a conviction of the highest order." (citation omitted)).

---

[4] The following colloquy occurred during the hearing on the motion to dismiss:

> THE COURT: All right. And so is it fair to say that regardless of what [the court] did or didn't do, if [the court] was to follow what [the court] was supposed to do by way of the directive at that time at ten in the morning, coupled with the directive of what was going to happen at 11:27 in the morning when the actual formal record was made, both those hearings concluded with the understanding that this was going to be set for further proceedings?
>
> DEFENSE COUNSEL: I don't know that I would call it further proceedings. *I would call it doing an off-schedule plea.*
>
> THE COURT: Okay.
>
> DEFENSE COUNSEL: Because I never asked to have it set for further proceedings.
>
> THE COURT: Right. *But so the State walked out of both those proceedings at least with the impression that he was going to be entering a plea, albeit off the schedule?*
>
> DEFENSE COUNSEL: *Correct.*

(Emphasis added.)

The district court did not abuse its discretion.  We affirm.

**AFFIRMED.**